**Brandon HORNE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–06–00201–CR.**

Court of Appeals of Texas, Texarkana.

Submitted June 6, 2007.

Decided June 19, 2007.

David J. Ingram, Longview, for appellant.

W. Ty Wilson, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

After clocking Brandon Horne driving forty-five miles per hour in a thirty-five-mile-per-hour zone, State Trooper Kendall Belt turned on his vehicle's overhead lights and pursued Horne's vehicle, but Horne did not stop. Nor did Horne stop when Belt activated the siren. Instead, Horne stuck his arm out his window and motioned for Belt to follow him. Even after Belt pulled up beside Horne's vehicle and used his vehicle's public address system to direct Horne to pull over, Horne shook his head and kept driving. Finally, Belt pulled his vehicle in front of Horne's vehi-

cle and blocked its path. In response, Horne drove onto the curb to circumvent Belt's car. Horne stopped only after later reaching his own mother's house. Horne had not stopped because he knew he had city warrants outstanding against him; he wanted to get his vehicle to his mother's house for safekeeping so it would not get towed to an impound lot.

A Gregg County jury convicted Horne of evading detention in a motor vehicle and assessed his punishment at fifteen months' confinement in a state-jail facility. *See* TEX. PENAL CODE ANN. § 38.04 (Vernon 2003). Horne appeals.

We affirm the judgment of the trial court because we hold that (1) legally sufficient evidence supports the verdict, (2) the trial court properly refused to submit an alleged lesser included offense, and (3) the trial court was within its discretion in overruling the mistrial motion.

*(1) Legally Sufficient Evidence Supports the Verdict*

 Horne asserts that the trial court should have instructed a "not guilty" verdict. A point of error complaining about a trial court's failure to grant a motion for directed or instructed verdict is a challenge to the legal sufficiency of the evidence. *Williams v. State,* 937 S.W.2d 479, 482 (Tex.Crim.App.1996); *Cook v. State,* 858 S.W.2d 467, 470 (Tex.Crim.App.1993). In this case, Horne made no clear request for an instructed or directed verdict, and we have no such ruling to address. But, because Horne in essence challenges the legal sufficiency of the evidence to support his conviction on this direct appeal, we address that issue, regardless of whether it was raised in the trial court. *See Moff*

*v. State,* 131 S.W.3d 485, 488 (Tex.Crim. App.2004).

 In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex.Crim.App.2000).

In essence, Horne complains that the evidence is legally insufficient to prove he "fled" from Belt, or that he had any intention to flee—but, instead, showed that Horne signaled Belt to follow him to his mother's house because he did not want to have his car towed. Horne's argument suggests that flight requires an element of speed, an element of intent to ultimately be free of an officer's control, or both. We disagree.

Surprisingly, there is little precedent addressing the meaning of the word "flee." Dictionaries generally agree that to "flee" means to run away or try to, in some fashion, avoid the person from whom you are fleeing.[1] We recently held that "fleeing slowly is still fleeing." *See Mayfield v. State,* 219 S.W.3d 538, 540 (Tex.App.-Texarkana 2007, no pet.). Two other cases are also instructive.

In 1995, in considering a bicyclist who was unwilling to stop for an officer, this Court noted that the refusal to comply with the officer's request to stop could be considered an attempt to evade detention. *Green v. State,* 892 S.W.2d 217, 219 (Tex. App.-Texarkana 1995, pet. ref'd). The previous year, the Corpus Christi Court of Appeals had opined that a person trying to *crawl* away from an officer could be "evading" arrest. *Leos v. State,* 880 S.W.2d 180,

---

1. Fleeing is defined as running away often from danger or evil, hurrying toward a place of security, or passing away swiftly. MERRIAM- WEBSTER'S COLLEGIATE DICTIONARY 478 (11th ed.2006).

184 (Tex.App.-Corpus Christi 1994, no pet.).

Although it may seem incongruous to think that someone proceeding slowly, or even crawling, away from an officer is "fleeing," the cases indicate that "fleeing" is anything less than prompt compliance with an officer's direction to stop. Thus, such a delayed compliance legitimately can be found to be an attempt to evade arrest or detention. *See People v. Sanchez*, 86 Cal.App.4th 970, 103 Cal.Rptr.2d 809, 814 (2001).

We conclude that, though the evidence indicates Horne had no intent to ultimately escape the officer, it does show that Horne was attempting to evade arrest, even if only for the few minutes it took for him to park his car in front of his mother's house. We hold that the evidence was legally sufficient to support the verdict. We overrule this contention of error.

*(2) The Trial Court Properly Refused to Submit an Alleged Lesser Included Offense*

■ Horne also contends that the trial court erred by refusing to honor his request to submit an allegedly lesser included offense to the jury. We disagree.

Horne was originally charged with evading arrest under Section 38.04 of the Texas Penal Code. That section provides that a person commits the offense of evading arrest or detention when he or she "intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him." Tex. Penal Code Ann. § 38.04(a). The offense becomes a state-jail felony on proof that "the actor uses a vehicle while the actor is in flight" but "has not been previously convicted under" Section 38.04. Tex. Penal Code Ann. § 38.04(b)(1).

Horne asserts that he was entitled to have submitted to the jury an alleged lesser included offense of fleeing or attempting to elude a police officer, under Section 545.421(a) of the Texas Transportation Code, usually a class B misdemeanor. That section provides that a person commits the offense when "the person operates a motor vehicle and willfully fails or refuses to bring the vehicle to a stop or flees, or attempts to elude, a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop." Tex. Transp. Code Ann. § 545.421(a) (Vernon 1999). The statute also requires that the officer must be in uniform and must prominently display his or her badge, that the officer's vehicle must be "appropriately marked as an official police vehicle," [2] and that the officer's signal may be by hand, voice, emergency lights, or siren. Tex. Transp. Code Ann. § 545.421(b) (Vernon 1999).

Although this is the first time this Court has been confronted with a claim referencing these two crimes, two of our sister courts of appeals have addressed this very claim. Unfortunately, those two courts have come to opposite conclusions about the most basic question: whether fleeing under Section 545.421(a) of the Texas Transportation Code, a class B misdemeanor, is a lesser included offense of evading arrest under Section 38.04 of the Texas Penal Code, a state-jail felony.

The Fort Worth Court of Appeals treated the misdemeanor as a lesser included offense of the state-jail felony. *See Walker v. State*, 95 S.W.3d 516 (Tex.App.-Fort

**2.** This Court has wrestled with this particular pair of statutes more than once recently. For analysis of yet a different type of problem connected with these statutes, *see McDonald v. State*, No. 06–06–00203–CR, 2007 WL 703106 (Tex.App.-Texarkana Mar.9, 2007, no pet.) (mem. op., not designated for publication).

Worth 2002, pet. ref'd). On the other hand, the Houston First Court of Appeals concluded, after comparing the elements of the two offenses, that the misdemeanor was not a lesser included offense of the felony and that the trial court had thus erred by charging the jury on the misdemeanor as a lesser included offense. *See Farrakhan v. State*, No. 01–04–01205–CR, —— S.W.3d ——, 2006 WL 3438673 (Tex. App.-Houston [1st Dist.] Nov. 30, 2006, pet. granted). Because precedents disagree, and the Texas Court of Criminal Appeals has not ruled on this point, we conduct our own analysis.

In deciding whether a jury should be instructed on a lesser included offense, courts apply the two-pronged *Aguilar/Rousseau* test.[3] That test's first prong[4] requires a determination of whether the requested offense actually is a lesser included offense of the offense charged, as defined by Article 37.09 of the Texas Code of Criminal Procedure. *Hall*, 158 S.W.3d at 473.

Article 37.09 provides, germanely, that an offense is a lesser included offense if "it is established by proof of the same or less than all the facts required to establish the commission of the offense

charged." TEX.CODE CRIM. PROC. ANN. art. 37.09(1) (Vernon 2006). An offense is a lesser included offense if it is (1) included within the proof necessary, under the statute and the indictment, to establish the offense charged; and (2) there is evidence from which a rational trier of fact could find that, if the defendant is guilty, he or she is guilty of only the lesser offense. *Hall v. State*, 225 S.W.3d 524, at 535–36 (Tex.Crim.App. 2007); *see Campbell v. State*, 149 S.W.3d 149, 152 (Tex.Crim.App. 2004); *see also* TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006). "The relevant test is whether the lesser offense could be proved by the same facts necessary to establish the offense charged." *Pickens v. State*, 165 S.W.3d 675, 679 (Tex.Crim.App. 2005); *Jones v. State*, 586 S.W.2d 542, 545 (Tex.Crim.App.1979). In conducting that review, we are to compare the elements[5] of the two offenses without any reference to the facts or evidence in the particular case. *Hall*, at 535–36.[6]

The Texas Court of Criminal Appeals, in reviewing the third-degree felony version of the Section 38.04 offense, described the elements of that crime as follows:

---

**3.** *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex.Crim.App.1993); *Aguilar v. State*, 682 S.W.2d 556 (Tex.Crim.App.1985).

**4.** The second prong of the *Aguilar/Rousseau* test asks whether the record contains some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser included offense. In making this decision, the court evaluates the evidence in the context of the entire record, but does not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Stadt v. State*, 182 S.W.3d 360, 363 (Tex.Crim.App.2005); *Hayward v. State*, 158 S.W.3d 476, 478 (Tex.Crim.App.2005); *Hall v. State*, 158 S.W.3d 470, 473 (Tex.Crim.App. 2005). But, because we find that Section

545.421(a) of the Texas Transportation Code is not a lesser included offense to Section 38.04 of the Texas Penal Code, we do not reach the second prong of the *Aguilar/Rousseau* test.

**5.** " 'Element of offense' means: (A) the forbidden conduct; (B) the required culpability; (C) any required result; and (D) the negation of any exception to the offense." TEX. PENAL CODE ANN. § 1.07(a)(22) (Vernon Supp.2006).

**6.** *Hall* swept away a considerable body of caselaw holding that the evidence presented at trial factored into that determination. It is now clear: the evidence should not be considered in applying prong one of the test. *Hall*, at 535–36.

The plain language of this statute demonstrates that the third-degree offense of evading arrest is committed when a person (1) intentionally (2) flees (3) from a person (4) he knows is a peace officer (5) attempting to lawfully arrest or detain him and (6) the actor uses a vehicle while in flight and (7) the actor has been previously convicted of evading arrest. *Calton v. State*, 176 S.W.3d 231, 234 (Tex. Crim.App.2005). Elements of an offense are those in the basic offense, plus elements changing the offense or the class or degree of the offense, but do not include sentence enhancements within an offense class or degree. *Id.* at 233–34. Ignoring element (7) from *Calton's* list of elements, which applies only to the higher, third-degree, felony offense involved in that case, the remaining six items are clearly elements of the offense charged here. *See Hall*, at 535–36. The offense elements under Section 545.421 of the Texas Transportation Code have been addressed directly only by the *Farrakhan* decision. *See Farrakhan*, 2006 WL 3438673 at *6–13, —— S.W.3d ——, —— – ——.

The elements of the two offenses can be analyzed as follows:

| Fleeing or Attempting to Elude: Transportation Code §545.421(a), (b) | Evading Arrest or Detention: Penal Code § 38.04(a), (b)(1) |
| --- | --- |
| Defendant *operates* a motor vehicle. (a) | Defendant *uses* a motor vehicle. (b)(1) |
| Defendant has *willful* state of mind. (a) | Defendant has *intentional* state of mind. (a) |
| Defendant flees, *attempts to elude, or fails to stop.* (a) | Defendant flees. (a) |
| Defendant does the above while a police vehicle is pursuing him or her. (a) | ---------- |
| ---------- | Defendant *knows that the person from whom he or she flees is a peace officer.* (a) |
| ---------- | Defendant *knows the officer is attempting lawfully to arrest or to detain him or her.* (a) |
| Defendant does it after having been given a *visual or audible signal to stop.* (a) | ---------- |
| Officer must *be uniformed and prominently display badge.* (b) | ---------- |
| Officer's *vehicle must be appropriately marked as an official police vehicle.* (b) | ---------- |

*Farrakhan* ultimately concluded that the misdemeanor, fleeing, was a not lesser included offense of the felony, evading arrest, because the misdemeanor had elements not included within the elements of the felony. We agree that there is little difference between "operating" and "using" a motor vehicle, or between "willful" and "intentional" culpable mental states. We also agree that the misdemeanor is not a lesser included offense of the felony.

Under Section 545.421 of the Texas Transportation Code, the forbidden conduct is for a driver to fail to stop his or her vehicle, or to flee or to attempt to elude a pursuing police vehicle after being directed

by a visual or audible signal to stop. The required culpability is that the action be willful.

The remaining sections require proof that the officer is uniformed and displaying a badge and that the vehicle is marked. They also provide that the officer's signal to stop be made by one of several methods. Those provisions are apparently meant to ensure that a driver being pulled over had clear and undeniable notice that he or she was being stopped by an officer of the law. Arguably, the requirements are supplemental methods that may be used to prove that, despite all of these markers showing that the directions to stop were being given by a police officer, the driver willfully ignored the officer's directions.[7]

According to the statutory language, however, these elements in the table above must be proven to obtain a conviction for fleeing, under the Texas Transportation Code. We conclude that these are not merely auxiliary evidentiary options to help prove a defendant's culpable state of mind. Because we hold they are elements of the offense, we find ourselves in agreement with the *Farrakhan* delineation of the elements of that offense, and we agree that the misdemeanor is not a lesser included offense of the felony.

Therefore, the trial court did not err by failing to charge the jury on the misdemeanor offense of fleeing, under the Texas Transportation Code, because it was not a lesser included offense of the Texas Penal Code's evading arrest. We overrule this contention of error.

*(3) The Trial Court Was Within Its Discretion in Overruling the Mistrial Motion*

■■■■ Horne also contends that the trial court erred by refusing to declare a mistrial after the State argued about punishment during its closing argument at guilt/innocence. We review a trial court's denial of a mistrial under an abuse of discretion standard. *Trevino v. State*, 991 S.W.2d 849, 851 (Tex.Crim.App.1999). Mistrial is an extreme remedy for prejudicial events occurring during the trial process. *See Bauder v. State*, 921 S.W.2d 696, 698 (Tex.Crim.App.1996).

In the complained-of argument, the State argued:

> Let's hold him responsible and find him guilty of evading detention, because that's what he did. Punishment is later, guilt-innocence is now. If you don't want to hold him to the highest punishment, that's up to you—
>
> [Defense Counsel]: Your Honor, I'm going to object. She's talking about punishment. It's not an appropriate time to do that and it would be improper.
>
> THE COURT: I will sustain. The issue at this point is the guilt-innocence of the defendant.

Counsel asked for an instruction to disregard, which the court gave, then made a motion for mistrial, which the court denied.

■■■■ A grant of a motion for mistrial should be reserved for those rare cases in which an objection could not have prevented, and an instruction to disregard could not cure, the prejudice stemming from an event at trial, that is, where an instruction would not enable the jury to continue the trial fairly. *Young v. State*, 137 S.W.3d 65, 69 (Tex.Crim.App.2004).

The sole argument raised on appeal is that this argument was of such a nature that it would inflame the minds of jurors by arguing that Horne should be found

7. See a similar discussion in *Calton*, 176 S.W.3d at 237.

guilty of this offense, because any attempt to avoid immediately stopping at an officer's command constituted evading arrest or fleeing, but that the jurors could later decide how much punishment his actions deserved. In support of that argument, counsel directs our attention to *McClure v. State*, 544 S.W.2d 390, 393 (Tex.Crim.App. 1976). *McClure* found reversible error in an argument where the State made repeated pleas to the jury to consider the amount of punishment, rather than the facts, in determining the offense for which appellant should be convicted.

This situation is not comparable to the one in *McClure*. Here, we do not have a series of repeated statements made despite the instructions of the trial court, nor do we have an attempt to convince a jury to use one offense instead of another because it had a higher punishment. In this case, there was no alternative offense for which Horne could be convicted under this charge. The State informed the jury that there would be a punishment stage and that it would determine at that time whether the offense deserved the maximum sentence or less.

We do not find this single statement to be such that an instruction to disregard would be ineffectual. Thus, the trial court did not abuse its discretion by overruling the motion for mistrial.

We affirm the judgment.