Affirmed and Memorandum Opinion filed July 6, 2010.

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00469-CR



 

Dwight D. Laesser, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 1187034



 

MEMORANDUM  OPINION

 

A jury convicted appellant Dwight D. Laesser of the
felony of evading arrest with a motor vehicle.  The jury assessed punishment at
21 months’ confinement.  Appellant appeals contending the evidence is legally
and factually insufficient to support the jury’s verdict.  We affirm.

Background

On October 10, 2008, Deputy Constable Roland Reyes of
the Harris County Precinct 4 Constable’s office was on patrol and received a
dispatch call that appellant had a felony warrant outstanding.  At the time,
appellant was being followed by a Montgomery County deputy in an unmarked
vehicle who had called 911 to report appellant.  Deputy Reyes located appellant
and followed him for approximately a mile, and did not observe appellant violate
any traffic laws.  Based on the felony warrant, Deputy Reyes activated his
lights and siren.  Appellant put his flashers on but did not stop the vehicle. 


Between 10 and 15 police units participated in the
pursuit of appellant’s car.  Appellant violated numerous traffic laws,
including running three red lights, and Deputy Reyes testified that appellant’s
driving was “[v]ery erratic, switching from lane to lane, no signaling, cutting
off other vehicles, almost hitting other deputies’ vehicles and people in the
roadway.”  Appellant drove through a Kroger parking lot where he hit a shopping
cart and almost hit several pedestrians.  Appellant avoided several spike
strips the police had placed in the roadway, and drove on the wrong side of the
road into oncoming traffic.  

Appellant testified that he “noticed several police
cars pull up behind [him] as [he] was going west on 1960,” and that when he saw
the police cars behind him he “just lost it.”  Appellant called 911, and stated
that he was driving to see his insurance agent and that “if they just back off,
I am driving nicely now.  I will keep on driving nicely.”  Appellant contends
he attempted to commit suicide during the chase by taking 120 Lorcet and
Hydrocodone pills.  When asked why he did not pull over when he saw the police,
appellant responded that he “would rather end [his] life than to go back to
Montgomery County.”

After approximately 40 minutes of pursuit, appellant
came to a stop near a school.  The police tried to make contact with him
through a cell phone and by using a loud speaker.  When officers approached
appellant’s car, he drove over a brick barricade towards the school, where he
again came to a stop and was pulled from his vehicle.  The jury found appellant
guilty as charged in the indictment and assessed punishment at 21 months’
confinement.   Appellant appeals from this judgment. 

Analysis

Appellant contends that the evidence presented at
trial is (1) legally insufficient and (2) factually insufficient to support his
conviction for evading arrest because there is no evidence that appellant
intentionally fled from the police.  

I.         Legal and
Factual Sufficiency

In reviewing legal sufficiency of the evidence, an
appellate court examines all of the evidence in the light most favorable to the
verdict to determine whether any rational factfinder could have found proof of
the essential elements of the offense beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Rollerson v. State, 227 S.W.3d
718, 724 (Tex. Crim. App. 2007).  The court does not sit as a thirteenth juror
and may not re-evaluate the weight and credibility of the record evidence or substitute
its judgment for that of the factfinder.  Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999).

Reconciliation of conflicts in the evidence is within
the exclusive province of the factfinder.  See Mosley v. State, 983
S.W.2d 249, 254 (Tex. Crim. App. 1998).  The appellate court’s duty is not to
reweigh the evidence, but to serve as a final due process safeguard ensuring
only the rationality of the factfinder.  See Williams v. State, 937
S.W.2d 479, 483 (Tex. Crim. App. 1996).  An appellate court faced with a record
that supports conflicting inferences must presume — even if not obvious from
the record — that the factfinder resolved any such conflicts in favor of the
verdict and must defer to that resolution.  Jackson, 443 U.S. at 326.

In reviewing factual sufficiency of the evidence, an
appellate court must determine whether (1) the evidence introduced to support
the verdict is “so weak” that the factfinder’s verdict seems “clearly wrong and
manifestly unjust,” or (2) the factfinder’s verdict is nevertheless against the
great weight and preponderance of the evidence.  Watson v. State, 204
S.W.3d 404, 414-415 (Tex. Crim. App. 2006).  In a factual sufficiency review,
the court views all of the evidence in a neutral light.  Johnson v. State,
23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000) (en banc).  If the court finds the
evidence factually insufficient, the court must remand the case for a new
trial.  Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).

To declare that an evidentiary conflict justifies a
new trial, an appellate court must rely on some objective basis in the record
demonstrating that the great weight and preponderance of the evidence
contradicts the jury’s verdict.  See Lancon v. State, 253 S.W.3d 699,
706-07 (Tex. Crim. App. 2008).  An appellate court should not intrude upon the
factfinder’s role as the sole judge of the weight and credibility of witness
testimony.  Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App.
2002).  The factfinder may choose to believe or disbelieve any portion of the
testimony presented at trial.  Bargas v. State, 252 S.W.3d 876, 887
(Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (en banc)).  Due deference must be
given to the factfinder’s determinations concerning the weight and credibility
of the evidence, and reversal of those determinations is appropriate only to
prevent the occurrence of a manifest injustice.  Martinez v. State, 129
S.W.3d 101, 106 (Tex. Crim. App. 2004).

A person commits the offense of evading arrest with a
motor vehicle if he intentionally flees from a person he knows to be a police
officer attempting lawfully to arrest or detain him, and he uses a vehicle
while in flight.  See Tex. Code Crim. Proc. Ann. § 38.04 (Vernon 2003);[1]
Hazkell v. State, 616 S.W.2d 204, 205 (Tex. Crim. App. 1981).  

The indictment charged that appellant “intentionally
fled from R. REYES, hereafter styled the Complainant, a peace officer employed
by HARRIS COUNTY CONSTABLE’S OFFICE, PRECINCT NO. 4, lawfully attempting to
DETAIN the Defendant; and the Defendant knew that the Complainant was a peace
officer attempting to DETAIN the Defendant, and the Defendant used a motor
vehicle while he was in flight.”  Appellant argues that there was no evidence
presented to the jury that appellant intentionally fled from Deputy Reyes. 
Appellant contends instead that his intention was to get to his insurance
agent’s office before he stopped his vehicle.  

The circumstances here parallel Horne v. State,
228 S.W.3d 442, 444 (Tex. App.—Texarkana 2007, no pet.), in which the defendant
was speeding when a state trooper turned on his vehicle’s overhead lights and
pursued Horne’s vehicle.  Horne did not stop, and continued to drive even after
the trooper activated his siren.  Id.  Instead, Horne stuck his arm out
his window and motioned for the trooper to follow him.  Id.  The trooper
pulled up beside Horne and used his vehicle’s public address system to direct
Horne to pull over, but Horne shook his head and kept driving.  Id.  The
trooper finally attempted to block Horne’s path with his vehicle, but Horne
drove onto the curb to get around the trooper.  Id. at 444-45.  Horne
only came to a stop when he got to his mother’s house, claiming that he wanted
to get his vehicle there for safekeeping so that it would not get towed to an
impound lot.  Id. at 445.  

Although the evidence indicated that Horne had no
intent to ultimately escape the officer, the court held that Horne was
attempting to evade arrest, even if only for the few minutes it took him to
park his car in front of his mother’s house.  Id. at 446.  The court
disagreed with Horne’s assertion that flight requires an element of speed or an
element of intent to ultimately be free of an officer’s control.  Id. at
445.  The court noted that “‘fleeing’ is anything less than prompt compliance
with an officer’s direction to stop.  Thus, such a delayed compliance
legitimately can be found to be an attempt to evade arrest or detention.”  Id.
at 446.  

In the present case, Deputy Reyes activated his
lights and siren, after which the appellant turned on his flashers but did not
stop.  Appellant violated numerous traffic laws, including running three red
lights, and Deputy Reyes testified that appellant’s driving was “[v]ery
erratic, switching from lane to lane, no signaling, cutting off other vehicles,
almost hitting other deputies’ vehicles and people in the roadway.”  Appellant
drove through a Kroger parking lot, hitting a shopping cart and narrowly
avoiding several pedestrians.  Appellant avoided several spike strips the
police had laid out on the roadway, drove into oncoming traffic, and led
between 10 and 15 police vehicles on a 40 minute pursuit.  The pursuit finally
ended when appellant drove over a brick barricade next to a school, and
officers removed him from his vehicle.  

Appellant conceded in his testimony that he was aware
that there were officers behind him.  Appellant testified that he “noticed
several police cars pull up behind [him] as [he] was going west on 1960,” and
that when he saw the police cars behind him he “just lost it.”  Appellant also
indicated that he knew the officers were trying to arrest him when he called
911 and said, “if they just back off, I am driving nicely now.  I will keep on
driving nicely.”  Appellant demonstrated his intent not to stop when he
testified that the reason he did not pull over when he saw the police was that
he “would rather end [his] life than to go back to Montgomery County.”   

At trial, the State introduced two videos of the
chase, filmed from two different officers’ dash cameras.  The first video
depicted approximately 50% of the chase.  The second video began recording
after appellant had already stopped.  The jury also heard the testimony of
Deputies Reyes, Atkins, and Harris, who were all involved in the pursuit.  

Viewing the evidence in the light most favorable to
the verdict, the jury could have found beyond a reasonable doubt that appellant
committed the offense of evading arrest with a motor vehicle.  See Jackson,
443 U.S. at 326; Walker v. State, 95 S.W.3d 516, 519 (Tex. App.—Fort
Worth 2002, pet. ref’d) (a rational juror could have found that, in failing to
stop his vehicle when he was given the signal to do so, appellant intentionally
and knowingly fled from a person he knew to be a peace officer attempting to
lawfully arrest or detain him).  Further, viewing all of the evidence in a
neutral light, the jury could have found beyond a reasonable doubt that the
appellant intentionally fled from Deputy Reyes.  See Johnson, 23 S.W.3d
at 11; Hobyl v. State, 152 S.W.3d 624, 628 (Tex. App.—Houston [1st
Dist.] 2004, pet. dism’d) (evidence found to be legally and factually
sufficient despite defendant’s testimony that at 110 mph and with motorcycle
helmet on, he could not hear police officer behind him and therefore was not
intentionally evading arrest).  The evidence supporting the verdict was not so
weak that the verdict was clearly wrong and manifestly unjust, nor was the
verdict against the great weight and preponderance of the evidence.  See
Watson, 204 S.W.3d at 414-15.  Thus, we find the evidence to be legally and
factually sufficient to sustain appellant’s conviction for evading arrest with
a motor vehicle, and overrule appellant’s two issues.

Conclusion

Accordingly, the trial court’s judgment is affirmed.




 

                                                                                                                                                                        

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Chief Justice
Hedges and Justices Yates and Boyce.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
The Eighty-First Texas Legislature amended section 38.04 effective as of
September 1, 2009.  See Act of May 27, 2009, 81st Leg., R.S., ch. 1400,
§ 4, 2009 Tex. Gen. Laws  4385, 4386 (current version at Tex. Code Crim. Proc.
Ann. § 38.04(a), (b)(1)(B) (Vernon Supp. 2009)).  Because this case was tried
on May 13, 2009, all citations to the statute in this opinion are to the
version in effect prior to the 2009 amendments.