**Affirmed and Memorandum Opinion filed March 26, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00684-CR

---

**CHRISTOPHER ANTHONY SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10CR1078**

---

## M E M O R A N D U M   O P I N I O N

In a single issue, appellant Christopher Anthony Sanchez complains that the evidence is not legally sufficient to support his conviction for felony evading arrest.  We affirm.

## *Background*

Appellant led three officers on a low speed[1] chase sixteen to seventeen blocks (between a mile and a half and two miles) until he reached his house. Officer Jonathan Davidson was on patrol traveling west on Bayshore Drive near the intersection of 27th Street in San Leon, Texas around 2:00 a.m. on April 10, 2010 when he witnessed appellant, who was driving east on Bayshore Drive, swerve onto the shoulder, into the opposing traffic lane, and back into his lane. Davidson testified that he immediately turned around, turned his lights on, and pursued appellant, intending to perform a traffic stop for appellant's failure to maintain a single marked lane. By the time Davidson turned around, there was no other traffic on the road. After about a block of following appellant, Davidson turned on his siren. Because appellant did not stop, Davidson swept his spotlight once or twice across the back of appellant's vehicle to get appellant's attention.

Officer Jay Young heard on the radio dispatch that Davidson was pursuing a driver who refused to stop. He turned west onto Bayshore Drive and pulled onto the side of the road near the intersection of 20th Street where he was facing appellant and Davidson as they drove past. Young shone his spotlight on appellant's vehicle as it drove by. Young also observed that Davidson's lights, siren, and spotlight were on. With his window down, Young could hear the siren between three-quarters and a mile away. After appellant and Davidson drove past, Young made a U-turn and joined the pursuit behind Davidson. Officer Donna Bouse heard the radio dispatch at the same time as Young and turned east onto Bayshore Drive. She parked on the side of the road facing east near the intersection of 10th Street and pulled in behind Young as appellant turned right onto 10th Street. Bouse testified she turned on her lights but not her siren.

---

[1] Appellant was traveling within the speed limit.

2

Appellant drove to his house on 10th Street. Davidson ordered appellant to exit his vehicle. Appellant did not comply, and Davidson, with his gun drawn, opened appellant's car door, at which point appellant asked, "What did I do?" Appellant was arrested. After a jury found him guilty of felony evading arrest with a vehicle and with a prior conviction,[2] the trial court sentenced him to 12 years' confinement.

*Discussion*

In his sole issue, appellant complains the evidence as to his intent to evade arrest is legally insufficient because (1) the evidence of his intent is circumstantial; (2) the evidence is contradictory regarding whether the officers used their emergency lights; (3) based on when the officers activated their lights, appellant could not have known officers were attempting to detain or arrest him; and (4) appellant drove "safely and normally" while he was being pursued to his home.

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)); *see also Nava v. State*, 379 S.W.3d 396, 403 (Tex. App.— Houston [14th Dist.] 2012, pet. granted). We do not sit as thirteenth juror and may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Nava*, 379 S.W.3d at 403. Rather, we defer to the responsibility of the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw

---

[2] *See* Tex. Penal Code § 38.04(a)-(b) (making offense of evading arrest a third-degree felony if the actor uses a vehicle while evading arrest and previously had been convicted of evading arrest). Appellant was previously convicted of evading arrest, among other offenses.

3

reasonable inferences from basic facts to ultimate facts. *Isassi*, 330 S.W.3d at 638; *Nava*, 379 S.W.3d at 403. This standard applies equally to both circumstantial and direct evidence.[3] *Isassi*, 330 S.W.3d at 638; *Nava*, 379 S.W.3d at 403. Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative effect of all incriminating facts is sufficient to support the conviction. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Nava*, 379 S.W.3d at 403.

A person who has been previously convicted for evading arrest or detention commits third-degree felony evading arrest or detention if, while using a vehicle, "he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." Tex Penal Code § 38.04(a)-(b). "A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." *Id*. § 6.03. A person commits a crime under Section 38.04 only if he knows a police officer is attempting to arrest or detain him but nevertheless refuses to yield to a police show of authority. *Redwine v. State*, 305 S.W.3d 360, 362 (Tex. App.—Houston [14th Dist.] 2010, pet ref'd). "'[F]leeing' is anything less than prompt compliance with an officer's direction to stop." *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.). Intent may be inferred from conduct. *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991), *overruled on other grounds by Fuller v. State*, 829 S.W.2d 191 (Tex. Crim. App. 1992); *see also Muhammed v. State*, 331 S.W.3d 187, 193 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

---

[3] Thus, appellant's argument that the evidence of intent is legally insufficient because it is circumstantial is without merit. Circumstantial evidence alone can establish guilt. *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

**Evidence that officers used emergency lights**.  Appellant argues the evidence regarding the officers' use of emergency lights is contradictory, creating reasonable doubt as to appellant's knowledge that officers were pursuing him. Davidson testified he did not see any other officers until he saw Bouse near 10th Street, despite the fact that Young testified he turned on his lights around 20th Street and followed Davidson and appellant for ten blocks before Bouse joined the pursuit.  Davidson testified, however, that he did not notice Young following him because he was focused on apprehending appellant.  Moreover, before Young joined the pursuit, Davidson and appellant were in the only vehicles on the road, so the jury reasonably could have inferred that appellant would have noticed Davidson pursuing him.

Appellant also argues that Bouse's video equipment should have recorded the pursuit if she had her emergency lights on because she testified that her video equipment automatically begins recording when she activates her emergency lights.[4]  However, Bouse testified that her video equipment did not capture anything, even though she had activated her emergency lights.  Although this testimony would support an inference that Bouse's emergency lights were not on, it does not conclusively establish that appellant did not see the officers pursuing him.  Davidson and Young both testified they had activated their emergency lights and sirens and used their spotlights to get appellant's attention.  It was the jury's role to resolve any conflicts in Bouse's testimony and weigh all the evidence. *See Isassi*, 330 S.W.3d at 638; *see also Nava*, 379 S.W.3d at 403.  We conclude the jury reasonably could have inferred that appellant saw the officers pursuing him.

---

[4] Davidson and Young testified that their video equipment did not work, but Bouse testified hers did.

5

**Evidence that appellant knew officers sought to detain or arrest him**. Appellant contends even if he saw Young's and Bouse's lights, he would not have believed they sought to arrest or detain him because Young and Bouse were on the side of the road when they turned on their lights and "there was nothing to indicate that they were trying to stop [appellant] rather than responding to some other emergency." Appellant cites *Griego v. State*, 345 S.W.3d 742 (Tex. App.—Amarillo 2011, no pet.), and *Redwine v. State*, 305 S.W.3d 360 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd), in support of his argument. The facts presented in each of these cases are distinguishable from the facts of this case.

In *Griego*, two officers were en route to a house with their lights and sirens activated in response to a report of illegal activity when the officers met the defendant traveling the opposite direction in a vehicle matching the suspect's car. 345 S.W.3d at 746. The officers and appellant met at a bend in the road, and the officers turned around after the bend. *Id*. The officers were not sure whether appellant saw them turn around. *Id*. at 747. After the officers turned around, appellant's vehicle was some distance ahead of them, and appellant had turned onto another road. *Id*. By the time the officers caught up with the defendant, he was signaling another turn. *Id*. The officers had followed the defendant only one-half to one block, approximately 17 seconds, by the time the defendant pulled into a residential driveway. *Id*. at 747-48. As the officers pulled up to the residence, the defendant got out of the car, with a beer in hand, and walked toward the residence, at which time the officers ordered him to stop. *Id*. at 747. When the defendant did not comply, an officer used a taser on him. *Id*.

The *Griego* court concluded that the evidence was not sufficient to show the defendant knew, before getting out of his car, that the officers were attempting to arrest or detain him because the defendant met the officers traveling in the opposite direction with their lights and sirens activated and the video of the pursuit showed

6

that, of the 17 seconds that officers followed the defendant, the officers would have been visible in the defendant's rearview mirror for only eight seconds. *Id*. at 752-53. However, the court concluded that appellant knew or should have known that officers were trying to detain or arrest him after the officers ordered him to stop. *Id*. at 755. Thus, the evidence was not sufficient to show the defendant committed the felony offense of evading arrest or detention using a vehicle and having been previously convicted for evading arrest or detention, but was sufficient to support the conclusion that the defendant committed the misdemeanor offense of evading arrest or detention. *Id*. at 754-55.

In *Redwine*, the defendant was driving on a rural road when he encountered a patrol car driving in the opposite direction. 305 S.W.3d at 361. The officers in the patrol car decided to turn around and pursue the defendant for driving too near the center of the road, but the officers never activated their emergency lights and siren. *Id*. The officers followed the defendant's vehicle onto a dirt driveway where they found the vehicle unoccupied. *Id*. at 362. They exited the patrol car and shouted, "Sheriff!" *Id*. The defendant eventually returned on foot to his vehicle where he was arrested. *Id*. The defendant was convicted of evading arrest using a vehicle, and the court concluded the evidence was legally insufficient to support the conviction because there was no evidence that appellant evaded arrest while he was in his vehicle. *Id*. at 362, 368.

By contrast, here, Davidson followed appellant between a mile and a half mile and two miles with his emergency lights and siren activated and also flashed appellant with his spotlight once or twice before appellant finally stopped. No other traffic was on the road. Appellant passed Young parked with his vehicle's emergency lights on, and Young flashed appellant with a spotlight before joining the pursuit. Also, Bouse testified she turned on her vehicle's emergency lights and joined the pursuit. In light of this evidence, we conclude a rational juror could

7

have reasonably concluded appellant believed the officers sought to arrest or detain him.[5]

**Evidence of lawful driving.** Appellant finally argues evidence of his intent to evade detention or arrest is legally insufficient because he observed the speed limit and used his turn signals. While speed, distance, time, and behavior of driving while being pursued may be factors in considering whether the requisite intent existed, no particular speed, distance, time, or behavior is required if other evidence establishes intent. *See Horne*, 228 S.W.3d at 445-46 (holding slow driving over a short period of time could constitute evading detention or arrest); *see also Mayfield v. State*, 219 S.W.3d 538, 540-41 (Tex. App.—Texarkana 2007, no pet.) (holding an offense under section 38.04 does not require proof of high-speed or effectual fleeing, just intentional fleeing). Delayed compliance legitimately can be found to be an attempt to evade arrest or detention. *Horne*, 228 S.W.3d at 446; *see also Mayfield*, 219 S.W.3d at 541 ("[F]leeing slowly is still fleeing.").

Simply because appellant drove the speed limit of 50 miles per hour and used turn signals after Davidson began pursuing him does not establish that a reasonable factfinder could not find beyond a reasonable doubt that appellant possessed the requisite intent to evade arrest or detention. Davidson testified appellant refused to stop. Young testified,

> I have been in numerous pursuits where the suspect vehicle [that] was being pursued would actually drive even the speed limit, stop at stop signs, stop at yield signs but then continue on with the pursuit going on. Just because it wasn't going a hundred miles an hour, does not mean that he was not being pursued.

---

[5] Appellant also argues that asking "What did I do?" after the officers ordered him out of the vehicle was consistent with his lack of knowledge of the officers' intent to arrest him. However, Davidson testified he interpreted the question "[a]s a question to buy time for getting out of the vehicle." The jury reasonably could have made either inference from this evidence.

Moreover, the State presented ample evidence from which the jury reasonably could infer that appellant knew the officers were pursuing him. For these reasons, we hold a rational factfinder could have found appellant intended to flee from a person appellant knew was a peace officer attempting to lawfully arrest or detain him.

We overrule appellant's sole issue. We affirm the judgment of the trial court.


/s/          Martha Hill Jamison
                 Justice


Panel consists of Justices Frost, Christopher, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).

9