**Opinion issued November 19, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00682-CR

———————————

**AMBER DIONNE FITCH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Case No. 17CR0471

---

## MEMORANDUM OPINION

A jury found Amber Dionne Fitch guilty of evading detention with a vehicle, a third-degree felony. *See* TEX. PENAL CODE §§ 38.04(a), 38.04(b)(2)(a). The jury assessed punishment at two years' imprisonment but recommended deferring the punishment while Fitch served community supervision. The judge followed the

recommendation and placed Fitch under community supervision for two years. On appeal, she argues that the evidence was insufficient to support her conviction. We affirm.

## Background

Fitch was indicted for evading detention after a brief police encounter in Galveston County. At trial, the arresting officer testified that he was on routine patrol in Texas City when he observed a car driving at about 45 miles per hour in a 30 mile per hour zone. He drove behind the car, ran the license plate on the vehicle through his in-car computer system, and noticed that the owner had a suspended driver's license and no automobile insurance. The car turned abruptly, and the officer lost sight for a moment. When the officer watched it drive through a stop sign without stopping and then turn quickly, he activated his emergency lights. The driver turned into an alleyway and accelerated, and the officer turned on his siren. At the end of the alley, the driver turned onto another block and stopped. The officer arrested Fitch, who was driving the car. Fitch told him that she was on the phone with her daughter and did not notice his lights or hear the siren. The officer explained to the jury that Fitch's initial violation was running a stop sign. Then, she failed to signal a turn within 100 feet, and she had a suspended driver's license and no proof of insurance. The jury also heard an audio recording of the officer's communications with dispatch. In the recording, the jury could hear the officer

2

narrating his location and details about the car he was following and activating his siren.

Fitch testified that on the night of the arrest, she was driving home with her daughter. She testified that the officer drove behind her in the alley with no lights on, including no headlights. When she was about a half block from her house, the officer turned on his lights but not his siren, and she became aware that there was a police officer behind her. There was no safe place to pull over, so she drove to her house and stopped. She testified that she did not run a stop sign, as the officer had suggested, because there was no stop sign at the intersection.

Fitch's daughter testified that her mother picked her up from work and drove home along their typical route. When they were in an alley, a car pulled up behind them. She realized it was a police car when it turned on its lights at the end of the alley. Her mother continued driving, making two more turns, until they stopped in front of their apartment. She could not remember their speed, but testified that they were not "flying down the street."

The jury found Fitch guilty and assessed punishment at two years' imprisonment, recommending that adjudication be deferred. The judge followed the jury's recommendation and deferred adjudication, placing Fitch on community supervision for two years.

## Sufficiency of the Evidence

Fitch contends that the evidence is legally insufficient to support a conviction for evading detention. She argues that the evidence shows that she did not realize that the driver behind her was a police officer attempting to effectuate a traffic stop, and therefore she did not intentionally evade detention.

### A. Standard of Review

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a jury was rationally justified in finding guilt beyond a reasonable doubt. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19) (1979)). "The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses." *Id.* "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A reviewing court determines whether a jury's inferences are reasonable "based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id.* at 17. We defer to the jury's resolution of conflicts in the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Section 38.04 of the Texas Penal Code criminalizes the act of intentionally fleeing from a person the actor knows is a peace officer attempting to lawfully arrest or detain her. TEX. PENAL CODE § 38.04. A person commits the offense "only if [she] knows a police officer is attempting to arrest [her] but nevertheless refuses to yield to a police show of authority." *Redwine v. State*, 305 S.W.3d 360, 362 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *see also Hobyl v. State*, 152 S.W.3d 624, 627 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd) ("[T]he accused must *know* that the person from whom [she] flees is a peace officer attempting to arrest or detain [her]."). "'Fleeing' is anything less than prompt compliance with an officer's direction to stop." *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.).

"A person acts intentionally or with intent, with respect to the nature of [her] conduct or to a result of [her] conduct when it is [her] conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE § 6.03. Criminal intent may be inferred from the defendant's conduct and the surrounding circumstances. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). Courts may consider the speed, distance, and duration of a pursuit in determining whether a defendant intentionally fled. *See Griego v. State*, 345 S.W.3d 742, 751 (Tex. App.—Amarillo 2011, no pet.). "[A]nything less than prompt compliance with an officer's direction to stop" can constitute "an attempt to evade arrest or

detention." *Horne*, 228 S.W.3d at 446; *see Lopez v. State*, 415 S.W.3d 495, 497 (Tex. App.—San Antonio 2013, no pet.). Intent is a question of fact for the jury. *Brown v. State*, 122 S.W.3d 794, 800 (Tex. Crim. App. 2003).

**B.      Analysis**

Here, the issue is whether the jury heard sufficient evidence from which it could reasonably infer beyond a reasonable doubt that Fitch knew a police officer was attempting to detain her and yet continued driving. Fitch argues that the evidence does not demonstrate that she intended to evade arrest because her testimony and her daughter's testimony conflicted with the officer's testimony about the timeline of events.

First, the officer testified that Fitch drove through a stop sign without stopping, but Fitch and her daughter each testified that there was no stop sign at the intersection. Fitch claimed that the officer was lying to protect the police department.

Second, the officer testified that he activated his lights after Fitch drove through a stop sign. He followed her, turning on his siren as they entered an alley. But Fitch testified that initially when the officer pulled up behind her in the alley, his car had no lights on at all, including headlights. According to Fitch, the officer turned on his emergency lights when they were at the end of the alley. Fitch's daughter also testified that the officer activated his lights as they were at the end of

6

the alley. She admitted that after the lights came on, her mother continued driving and made two more turns to arrive at their apartment.

As to the existence of a stop sign and whether the officer had lights on at a particular point in time, the jury is the sole judge of the weight and credibility to be attached to witness testimony. *See Merritt*, 368 S.W.3d at 525. When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict and defer to that determination. *Id.* A reviewing court may not reevaluate the weight and credibility of the evidence in the record, and thereby substitute our own judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The jury was free to disbelieve Fitch and her daughter and credit the officer's testimony about the stop sign. *See Merritt*, 368 S.W.3d at 525.

Fitch argues that even if the officer activated his lights, that does not prove that she knew that he wanted to pull her over. Proof that an officer in a vehicle is attempting to detain a person generally consists of the officer displaying authority by the use of emergency lights and siren. *Duvall v. State*, 367 S.W.3d 509, 513 (Tex. App.—Texarkana 2012, pet. ref'd); *see also Lopez*, 415 S.W.3d at 497 (fact finder could reasonably infer defendant was aware law enforcement officers were attempting to detain him, but he intended to flee, where pursuing officers had their lights and sirens activated while following defendant). Though they disagree about

when it happened, Fitch, her daughter, and the officer each testified that at some point the officer activated his lights and siren, and they each testified that Fitch continued driving after the siren and lights were activated. *See Coggin v. State*, No. 03-04-00585-CR, 2006 WL 1292581, at *2 (Tex. App.—Austin May 12, 2006, no pet.) (mem. op., not designated for publication) (evidence sufficient to find that defendant intentionally fled where defendant, after passing law enforcement officer's patrol car, turned off his car's lights and drove home at a high rate of speed); *Luna v. State*, No. 04-05-00518-CR, 2006 WL 1814308, at *2–3 (Tex. App.—San Antonio July 5, 2006, no pet.) (mem. op., not designated for publication ) (evidence sufficient to find defendant intentionally fled where law enforcement officer testified that, after activating his patrol car's emergency lights, defendant did not stop until he arrived at his place of residence).

No particular speed, distance, or duration of pursuit is required to prove the requisite intent to evade arrest or detention in a motor vehicle. *See Griego*, 345 S.W.3d at 751; *Reyes*, 465 S.W.3d at 805–06 (evidence sufficient to find defendant "intentionally fled in a vehicle" despite "pursuit last[ing] less than a minute"); *see also Khan v. State*, No. 01-18-00327-CR, 2019 WL 346861, at *7 (Tex. App.—Houston [1st Dist.] Jan. 29, 2019, pet. ref'd). A person who continues driving to her own home, while being pursued by a law enforcement officer, may still possess the intent to commit the offense of evading arrest, or detention, in a motor vehicle.

8

*Horne*, 228 S.W.3d at 445–46 (evidence sufficient to find intent to evade arrest or detention, where defendant did not pull over and stop for "the few minutes it took to park his car in front of his mother's house"); *Luna*, 2006 WL 1814308, at *2 (evidence sufficient to find defendant intentionally fled where law enforcement officer testified that, after activating his patrol car's emergency lights, defendant only stopped when he arrived at his place of residence); *Coggin*, 2006 WL 1292581, at *2 (rejecting argument "that it cannot be a crime for a person to go to his own home").

Here, the jury could reasonably infer that Fitch was aware the officer was attempting to detain her and that she continued to drive rather than yielding to his authority, demonstrating the intent to evade detention. *See Lopez v. State*, 415 S.W.3d 495, 497 (Tex. App.—San Antonio 2013, no pet.). We overrule Fitch's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).

9