

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00111-CR

JASON SHANE MOSES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 19274

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

An Upshur County jury found Jason Shane Moses guilty of evading arrest or detention with a motor vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04 (Supp.). After Moses pled true to the State's habitual-offender allegations, the jury assessed a punishment of twenty-five years' imprisonment. In his sole point of error on appeal, Moses argues that the evidence is legally insufficient to support the jury's verdict.

We conclude that legally sufficient evidence supported the jury's verdict of guilt. Accordingly, we affirm the trial court's judgment.

## I.    Standard of Review

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd)). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)

(citing *Jackson*, 443 U.S. at 318–19; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007))).

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* at 298 (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

Here, the State alleged that Moses used a motor vehicle to intentionally flee from Heath Littlejohn, "a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain the defendant."

## II.     The Evidence at Trial

At trial, Littlejohn, a deputy with the Upshur County Sheriff's Office, testified that he was on patrol on a Friday night when he spotted a Ford Mustang, driven by Moses and occupied by one passenger, going fifteen miles per hour less than the speed limit. Littlejohn noted that the Mustang was on the inside left lane, which he described as "the fast lane." Littlejohn said he drove his patrol unit, a "department-issued Explorer," behind Moses, who pulled into "the slow lane." At that point, Littlejohn discovered that the Mustang's "license plate lights were out" and decided to stop it.

Littlejohn testified that he activated the marked patrol unit's overhead and front "red and blue lights." According to Littlejohn, Moses did not apply his brakes or attempt to pull over.

3

While he admitted there was no shoulder on that portion of the road, Littlejohn believed Moses would pull into one of two entrances to a nearby church, but Moses did not stop. After Moses passed a county road without braking, signaling, or otherwise indicating submission to Littlejohn's lights, Littlejohn activated the patrol unit's siren. According to Littlejohn, Moses still did not apply any brakes or attempt to stop. This prompted Littlejohn to radio Sergeant Josh Davis to ask him to deploy "stop sticks" at the Gilmer city limits while Littlejohn continued to follow Moses.

Littlejohn testified that he followed Moses approximately four and one-half miles after the siren was activated at a speed of forty-five to fifty miles per hour before the Mustang's tires hit the stop sticks deployed by Davis and came to a halt. Littlejohn arrested Moses for evading arrest.

When asked if Moses could have been confused by who was driving "behind him wanting him to pull over," Littlejohn responded, "Absolutely not." Littlejohn added that Moses could have stopped at the "numerous county roads" that they had passed, as well as two churches, a factory, and a historical marker before the Mustang hit the stop sticks.

Davis testified that Littlejohn's lights and sirens were activated as Moses approached the stop sticks. Davis's body-camera footage was admitted into evidence and confirmed his testimony.

## III.  Analysis

"A person commits an offense if he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a). On

4

appeal, Moses does not contest that Littlejohn was attempting to lawfully arrest or detain him. Instead, he simply argues that he was "unaware of law enforcement's efforts to stop him."

"A defendant's knowledge that a police officer is trying to arrest or detain him or her is an essential element of the offense of evading arrest." *Duvall v. State*, 367 S.W.3d 509, 511 (Tex. App.—Texarkana 2012, pet. ref'd) (citing *Rodriguez v. State*, 799 S.W.2d 301, 302 (Tex. Crim. App. 1990)). "Proof that an officer in a vehicle is attempting to arrest or detain a person generally consists of the officer displaying authority by the use of overhead/emergency lights and siren." *Id.* at 513.

The question here is whether Moses intentionally failed to stop after Littlejohn attempted to lawfully detain him. "Intent is a fact question to be determined from all the circumstances." *Elizondo v. State*, 487 S.W.3d 185, 201 (Tex. Crim. App. 2016). Here, the evidence shows that it was dark when Littlejohn activated his lights while driving behind Moses. Absent from Moses's argument is any indication that he did not see the marked patrol unit or its lights. Further, Littlejohn activated his siren after Moses failed to stop, despite having several opportunities to do so during the four-and-one-half-mile, low-speed chase. Moses does not argue that he did not hear the siren. Instead, Moses argues that his speed was well below the speed limit, but we have previously explained that, while "it may seem incongruous to think that someone proceeding slowly, or even crawling, away from an officer is 'fleeing,' . . . 'fleeing' is anything less than prompt compliance with an officer's direction to stop." *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.).

Viewing the evidence in the light most favorable to the prosecution, we find that it was well within a rational jury's purview to determine that Moses saw the lights of the marked patrol car in the dark and heard its siren but chose not to stop. As a result, we conclude that legally sufficient evidence supported the jury's finding that Moses intentionally fled from Littlejohn, whom he knew was a peace officer lawfully trying to detain him. We will not sit as the thirteenth juror by rejecting a fact-finding on intent where legally sufficient evidence supports it. *See Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014). Accordingly, we overrule Moses's sole point of error.

## IV. Conclusion

We affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:    February 3, 2025
Date Decided:    February 11, 2025

Do Not Publish