**Opinion issued December 15, 2016**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-16-00075-CR**

———————————

**MARTIN CARTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1465325**

---

**MEMORANDUM OPINION**

A jury found appellant, Martin Carter, guilty of the felony offense of evading arrest, or detention, in a motor vehicle.[1] The trial court, pursuant to

---

[1]  *See* TEX. PENAL CODE ANN. § 38.04 (Vernon Supp. 2016).

appellant's post-verdict agreement with the State, assessed his punishment at confinement for ten years. In two issues, appellant contends that the evidence is legally insufficient to support his conviction and the trial court erred in denying his motion for mistrial.

We affirm.

## Background

Harris County Sheriff's Office Deputy B. Garza testified that on April 19, 2015, while she was traveling in her patrol car southbound on Homestead Road in east Houston, she saw appellant's car, without a registration sticker on its windshield, traveling northbound. She "made a U-turn" to get behind appellant and initiate a traffic stop. However, appellant "quickly" changed lanes, "began accelerating," and turned right onto Hopper Road. Once Garza turned onto Hopper, she could see appellant's car at the end of the street, "about a quarter mile away." Noting that the posted speed limit on Hopper is thirty miles per hour, Garza, based on her training and experience, opined that appellant was exceeding the speed limit.

After appellant turned left onto Van Archer, Deputy Garza continued in pursuit, traveling at "approximately 68 miles [per] hour" in an effort to "close the gap" between them. She noted that she had not yet activated her emergency lights

2

or siren because she "couldn't close the distance" or "get close enough to activate them."

After appellant turned right onto Van Zandt Street, he then turned right onto Lera Street, failing to stop at a stop sign. Once Deputy Garza turned onto Lera and became situated "a couple [of] car lengths" behind him, she activated her emergency lights and siren. Although she and appellant were traveling through a residential neighborhood that had sufficient space for him to safely pull his car over and stop, appellant continued to drive.

Appellant subsequently made a left turn onto Heath Street, and then traveled onto Cheeves Drive, failing to properly stop at two more stop signs. Deputy Garza then activated an additional siren, which was louder than the first, in an "attempt[] to get [appellant] to pull over." He kept driving, turning onto Mohawk Street, then pulling into the driveway of his residence, where he parked his car, immediately exited from it, and faced Garza's car. She noted that the driver's side windows of appellant's car were partially open.

Deputy Garza further testified that appellant's driver's license was suspended, he had no proof of insurance, and his vehicle inspection sticker was expired. Her pursuit of appellant was recorded on the dash camera in her patrol car. And the trial court admitted the videotape into evidence.

## Sufficiency of Evidence

In his first issue, appellant argues that the evidence is legally insufficient to support his conviction because the State failed to prove beyond a reasonable doubt that he intentionally evaded arrest or detention.

We review the legal sufficiency of the evidence by considering all of the evidence in the light most favorable to the jury's verdict to determine whether any "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979); *accord Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Our role is that of a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams*, 235 S.W.3d at 750. However, our duty requires us to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offense of which he is accused. *Id*.

A person commits the offense of evading arrest or detention "if he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a) (Vernon

4

Supp. 2016). If the person "uses a vehicle" while "in flight," the offense is a third-degree felony. *Id*. § 38.04(b)(2)(A). A person commits an offense "only if he knows a police officer is attempting to arrest [or detain] him but nevertheless refuses to yield to a police show of authority." *Redwine v. State*, 305 S.W.3d 360, 362 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *see also Hobyl v. State*, 152 S.W.3d 624, 627 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd).

Intent may be determined from a defendant's words, acts, and conduct. *See Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998). "When evaluating the sufficiency of the evidence to establish a defendant's intent for evading arrest, or detention, the speed, distance, and duration of a pursuit are factors to be considered." *Thorn v. State*, No. 01-13-00906-CR, 2014 WL 3512811, at *4 (Tex. App.—Houston [1st Dist.] July 15, 2014, pet. ref'd.) (mem. op., not designated for publication). "[A]nything less than prompt compliance with an officer's direction to stop" can constitute "an attempt to evade arrest or detention." *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.).

Appellant, in his brief, concedes that Deputy Garza was "attempting lawfully to arrest or detain him." *See* TEX. PENAL CODE ANN. § 38.04(a). He asserts that the "narrow issue for review is whether [he] intended to evade Garza."

Deputy Garza testified that she pursued appellant through a residential neighborhood at speeds of up to 68 miles per hour in a 30 mile-per-hour zone.

5

After she activated her emergency equipment, which consisted of "strobe" lights and a siren, appellant continued driving, accelerating his speed and failing to fully stop at three different stop signs. Even after Garza activated a secondary siren, or "horn," which was louder than her primary siren, appellant still did not stop. Moreover, the videotape from Garza's dash camera shows her patrol car, with its siren sounding, following directly behind appellant's car. And it shows appellant's car accelerating away from her, negotiating a series of turns, and failing to stop at three stop signs.

From this evidence, the jury could have reasonably concluded that appellant intentionally evaded detention or arrest by Deputy Garza, a person he knew was a peace officer. *See* TEX. PENAL CODE ANN. § 38.04(a); *Reyes v. State*, 465 S.W.3d 801, 806 (Tex. App.—Eastland 2015, pet. ref'd) (evidence sufficient to support conviction for evading arrest, or detention, in motor vehicle where officer followed behind defendant for almost five blocks with lights flashing and siren activated, defendant accelerated and ran stop sign, and no evidence he did not see or hear officer following him); *Lopez v. State*, 415 S.W.3d 495, 497 (Tex. App.—San Antonio 2013, no pet.) (jury could reasonably infer defendant aware officers attempting to detain him and intended to flee to driveway of his house where officers had lights and siren activated for "approximately one and one-half minutes" while following defendant).

6

Appellant argues that the evidence does not establish his intent to evade Deputy Garza because his car was "a block or more ahead of" her patrol car; the "speed of the pursuit was unremarkable" and "its duration was short," lasting "no more than two minutes"; and, at the end, he "pulled into his own driveway." In support of his argument, appellant relies on *Griego v. State*, 345 S.W.3d 742, 754 (Tex. App.—Amarillo 2011, no pet.).

In *Griego*, the pursuing officers "follow[ed] behind [the defendant's] vehicle for, at the maximum, one block," and an officer expressly testified that he was "uncertain [as to] whether [the defendant] saw him." *Id.* at 751–52. The entire pursuit lasted seventeen seconds, and, "[o]f that seventeen-second period, the officers were directly behind [the defendant], though at some distance, . . . for approximately eight seconds before [he] completed his already-signaled turn." *Id.* at 752. And, "[n]othing in the record suggest[ed] that [the defendant] was speeding or driving in an erratic manner." *Id.* at 753. The defendant then pulled into a residential driveway, exited his car, and began walking up to the residence, apparently oblivious to the officers. *Id.*

Here, the evidence shows that appellant exceeded the speed limit through a residential neighborhood, negotiated a series of turns, committed numerous traffic violations, and did not pull over and stop his car, despite ample opportunity, while Deputy Garza, whose patrol car was situated "a couple [of] car lengths" behind

7

appellant's car, drove with her lights flashing and siren sounding for over a minute. *See Lopez*, 415 S.W.3d at 497 ("fleeing" is "anything less than prompt compliance with an officer's direction to stop," and "fleeing slowly is still fleeing"); *O'Quinn v. State*, No. 10-11-00114-CR, 2012 WL 3055280, at *4 (Tex. App.—Waco July 26, 2012, no pet.) (mem. op., not designated for publication) (sufficient evidence of intent to evade where defendant did not comply for thirty seconds); *Horne*, 228 S.W.3d at 446 (sufficient evidence of intent to evade where, although defendant drove at low speed and eventually pulled into own driveway, he did not pull over and stop for "few minutes" with officer in pursuit); *see also Godfrey v. State*, No. 14-13-00100-CR, 2014 WL 309381, at *3 (Tex. App.—Houston [14th Dist.] Jan. 28, 2014, no pet.) (mem. op., not designated for publication) (evidence sufficient to support conviction where defendant changed lanes and sped away in response to officer's shows of authority). The law does not require high-speed fleeing. *Mayfield v. State*, 219 S.W.3d 538, 541 (Tex. App.—Texarkana 2007, no pet.). Further, unlike the defendant in *Griego*, appellant, after pulling his car into his driveway, immediately exited his car and faced Garza. *Cf. Griego*, 345 S.W.3d at 753.

Appellant further asserts that Deputy Garza "admitted that her lights were less visible in daylight and that in her experience some drivers simply [do not] notice them." And he "might" have been distracted by his cellular telephone or

suffered from "hearing loss or vision problems." Appellant, however, does not assert that he actually could not see Garza's strobe lights or hear her siren.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier-of-fact could have found beyond a reasonable doubt that appellant intentionally fled from a law enforcement officer who was attempting to arrest or detain him. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Accordingly, we hold that the evidence is legally sufficient to support appellant's conviction for evading arrest, or detention, with a motor vehicle.

We overrule appellant's first issue.

### Mistrial

In his second issue, appellant argues that the trial court erred in denying his motion for mistrial because the State, during its closing argument, improperly commented on his decision not to testify. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 38.08 (Vernon 2005).

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004); *Williams v. State*, 417 S.W.3d 162, 175 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). A trial court has broad discretion in controlling the scope of closing argument. *Lemos v. State*, 130 S.W.3d 888, 892 (Tex. App.—El Paso 2004, no pet.). Although the State is afforded wide latitude in its jury arguments, proper

9

jury argument is generally limited to: (1) summation of the evidence presented at trial; (2) reasonable deductions drawn from that evidence; (3) answers to opposing counsel's argument; and (4) pleas for law enforcement. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); *Acosta v. State*, 411 S.W.3d 76, 93 (Tex. App.—Houston [1st Dist.] 2013, no pet.). The fact that a defendant does not testify does not fall into any of these categories and may not be the subject of comment by the State. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *Bustamante v. State*, 48 S.W.3d 761, 764–65 (Tex. Crim. App. 2001).

Prosecutorial argument that refers to a defendant's decision not to testify violates the defendant's right against compelled self-incrimination. U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 38.08; *Randolph v. State*, 353 S.W.3d 887, 891 (Tex. Crim. App. 2011); *Archie v. State*, 340 S.W.3d 734, 738 (Tex. Crim. App. 2011); *Bustamante*, 48 S.W.3d at 764. Argument constitutes a comment upon a defendant's decision not to testify where "the language used is manifestly intended or is of such a character that the jury would necessarily and naturally take it as a comment on the defendant's [decision not] to testify." *Canales v. State*, 98 S.W.3d 690, 695 (Tex. Crim. App. 2003) (internal quotations omitted). In other words, the State's comment is improper when it clearly refers to the defendant's decision not to testify. *Id.*; *Bustamante*, 48 S.W.3d at 765. It is not sufficient that the language might be construed as an

implied or indirect allusion. *Bustamante*, 48 S.W.3d at 765. The context in which the comment was made must be analyzed. *Canales*, 98 S.W.3d at 695.

Here, appellant's complaint concerns the following statement made by the State during its closing argument:

> So, how do we know that this Defendant knew that Deputy Garza was behind him? How do we know that? Well, we talked about it in voir dire that sometimes we're just not going to hear the statement from the Defendant saying, "Hey, I knew you were behind me. I was trying to get away."

Appellant objected that the State's argument constituted "a comment on [his] right not to be a witness against himself," and the trial court sustained the objection. Appellant then asked the trial court to instruct the jury to disregard the statement, and the trial court instructed the jury as follows: "Disregard the last statement. Don't consider it for any purpose."

Appellant subsequently moved for a mistrial on the ground that the instruction was insufficient to cure any harm caused by the statement. The following discussion then took place:

| [Appellant's Counsel]: | Judge, I wanted to ask you to declare a mistrial based on improper argument and the . . . comment on the failure to testify because the instruction to disregard can't cure the harm on that improper comment. |
| --- | --- |
| THE COURT: | Response? |
| [State]: | I believe the record will support me. The statement I made was we talked about in voir dire that we can't require the Defendant |

11

|  |  |
|---|---|
|  | to testify because we're not always going to know from their mouth what they said. And I followed that up with, but we also talked about that you can infer based on their actions and conduct what their intent was. I never made a comment on his failure to testify. I never implied that he was required to testify. Rather, I would say they don't have to testify, but we can still look at their actions and conduct because we can't hold that against him. That's what I was arguing when she objected. |
| THE COURT: | Okay. Let me look at that and have the court reporter pull that portion up of the Prosecutor's argument and see specifically what he said. |
| . . . . |  |
| [Appellant's counsel]: | My objection is that the jury can't disregard a comment on a failure to testify. |
| THE COURT: | But I don't think that was a comment on his failure to testify. So, I am going to overrule your objection. And let the record note that right now I'm standing over the court reporter's shoulder. And we went back looking at—about the paragraph right before the Defense objected. And I'm looking at the raw notes, of course, but I don't believe that the State did that. So, I'm overruling your objection. |

The record supports the State's assertion that the complained-of comment related to its discussion during voir dire about inferring intent from a defendant's actions and conduct, which it presented as follows:

Is everyone okay in the context of a criminal trial, as the Judge mentioned, the Defendant has an absolute right to remain silent[?] He

12

doesn't have to testify and you can't hold that against him. You can't. That's our constitution. So, is everyone okay with inferring action based on conduct otherwise non-verbal actions and making a determination beyond a reasonable doubt? Is there anybody that says, you know what? Unless I hear it from the Defendant's mouth himself, I really just can't make a determination on intent . . . ? Anyone? All right.

And the State, in its closing, again emphasized: "We talked about how you're allowed to infer based on actions and conduct whether or not a person knew that they were being pursued by a peace officer. I encourage you to watch the video whether there is any doubt or dispute."

Thus, the complained-of comment, when taken in context, constituted a recognition that appellant possessed a right not to testify, as distinguished from cases in which the State negatively comments on a defendant's decision not to testify. *See Fuentes v. State*, 991 S.W.2d 267, 275 (Tex. Crim. App. 1999). We conclude that the State's argument was not one manifestly intended or of such a character that the jury would necessarily and naturally take it as a comment on appellant's failure to testify. *See Canales*, 98 S.W.3d at 698 (concluding jury would not necessarily take prosecutor's argument as comment on defendant's decision not to testify based on context of argument); *Marter v. State*, No. 01-03-00118-CR, 2004 WL 1587206, at *3 (Tex. App.—Houston [1st Dist.] July 15, 2004, no pet.) (mem. op., not designated for publication).

13

Accordingly, we hold that the trial court did not err in denying appellant's motion for mistrial.

We overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Keyes, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).