ACCEPTED
07-17-00027-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/15/2017 11:47:25 PM
Vivian Long, Clerk

**Cause No. 07-17-00027-CR**

# In the Court of Appeals, Seventh District

## Amarillo, Texas

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

6/15/2017 11:47:25 PM

VIVIAN LONG
CLERK

**Marcus Delaney,**
Appellant

v.

**The State of Texas,**
Appellee

Appeal from the 89th District Court of Wichita County, Texas
Trial Cause No. 57,181-C, The Honorable Charles Barnard Presiding

## The State's Brief

**Maureen Shelton**
Wichita County Criminal District Attorney

| **Jennifer Ponder** | **Judy Price** |
|---|---|
| Asst. Criminal District Attorney | Asst. Criminal District Attorney |
| Wichita County, Texas | Wichita County, Texas |
| State Bar No. 24083676 | State Bar No. 24082447 |
| Jennifer.Ponder@co.wichita.tx.us | Judy.Price@co.wichita.tx.us |

900 7th Street
Wichita Falls, Texas 76301
(940) 766-8113 phone
(940) 766-8530 fax

**Attorneys for the State**
**The State of Texas**

**Oral Argument Not Requested**

## IDENTITY OF THE PARTIES & COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), the State adopts the Identities of Parties and Counsel set out in the APPELLANT'S BRIEF, with the following addition:

**Judy Price**
Attorney for the State, Trial
Asst. Criminal District Attorney
Wichita County, Texas
State Bar No. 24082447
Judy.Price@co.wichita.tx.us

# TABLE OF CONTENTS

Identity of The Parties & Counsel................................................................................2

Table of Contents ........................................................................................................3

Index of Authorities.....................................................................................................6

Statement of the Case ..................................................................................................8

Statement Regarding Oral Argument .........................................................................8

Issues Presented ...........................................................................................................9

    I.  Whether Appellant preserved error regarding the exclusion of testimony when trial counsel neither objected to the court's ruling nor made an offer of proof.

    II.  Assuming error was preserved, whether the trial court abused discretion by excluding a portion of Appellant's testimony due to his lack of personal knowledge.

    III. Assuming error and preservation thereof, whether Appellant was substantially harmed by the exclusion of testimony.

    IV. Whether, when viewing the evidence in a light most favorable to the verdict, a rational trier of fact could have determined that Appellant intentionally evaded lawful detention.

Statement of Facts ....................................................................................................10

Argument....................................................................................................................14

    I.  Because Appellant did not object to or make an offer of proof regarding the portion of his excluded testimony, he waived this issue on appeal....................................................................................................14

    II.  Even assuming Appellant preserved error, the trial court did not abuse discretion by excluding this portion of Appellant's testimony because the exclusion was pursuant to the rules of evidence. ...................17

A. Appellant received the opportunity to present a meaningful defense by testifying about his defensive theory.....................................................17

III. Assuming error, Appellant was not harmed by the exclusion of evidence because the excluded evidence would not have influence the jury, or had but slight effect.........................................................................19

A. Assuming error, this Court should apply a non-constitutional harm analysis because exclusion of evidence does not rise to a constitutional level.................................................................................19

B. Appellant was not harmed by the exclusion of evidence because the error did not influence the jury, or had only a slight effect. .....................20

1. When applying the factors found in Vanwinkle v. State, the assumed error did not have influence the jury or had but slight effect. ................................................................................................ 21

2. When viewing the assumed excluded evidence in connection with admitted evidence, it would be needlessly cumulative. .....................22

IV. When viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have determined that Appellant intentionally evaded lawful detention. ......................................23

A. A rational jury could have found that Appellant was detained because a reasonable person in the same position would not have felt free to leave..............................................................................23

B. A rational jury could have found that Deputy McGuinn lawfully detained Appellant because McGuinn had reasonable suspicion based upon articulable facts that an offense (driving without two headlights) had occurred. ..................................................24

C. When viewing the evidence in a light most favorable to the verdict, a rational trier of fact could have found that Appellant intentionally evaded detention. ...............................................................26

Prayer............................................................................................................27

Certificate of Compliance............................................................................ 28

Certificate of Service...................................................................................................... 28

# INDEX OF AUTHORITIES

**Cases**

*Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014)..............................................14

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) ...........................................................23

*Crain v. State*, 315 S.W.3d 43 (Tex. Crim. App. 2010) ........................................................ 23, 24

*Davis v. State*, 947 S.W.2d 240 (Tex. Crim. App. 1997)..........................................................25

*Douds v. State*, 472 S.W.3d 670 (Tex. Crim. App. 2015) *cert. denied*, 136 S.Ct. 1461 (Mar. 21, 2016)..........................................................................................14

*Hernandez v. State*, 819 S.W.2d 806 (Tex. Crim. App. 1991)....................................................26

*Horne v. State*, 228 S.W.3d 442 (Tex. App.—Texarkana 2007, no pet.)...............................26

*Jackson v. Virginia*, 443 U.S. 307 (1979)..................................................................................23

*Johnson v. State*, No. 14-14-00261-CR, 2015 WL 3985848 (Tex. App.— Houston [14th Dist.] Jun. 30, 2015, pet. ref'd) (not designated for publication).................................................................................................................18

*Laesser v. State*, No. 14-09-00469-CR, 2010 WL 2649945 (Tex. App.— Houston [14th Dist.] Jul. 6, 2010, pet. ref'd) (not designated for publication).................................................................................................................26

*Layton v. State*, 280 S.W.3d 235 (Tex. Crim. App. 2009) .......................................................14

*Manrique v. State*, 994 S.w.2d 640 (Tex. Crim. App. 1999) ...................................................26

*Mays v. State*, 285 S.W.3d 884 (Tex. Crim. App. 2009)..........................................................15

*Miller v. State*, 36 S.W.3d 503 (Tex. Crim. App. 2001) .....................................................17, 18

*Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004) ...................................................14

*Montgomery v. State*, 810 S.W.3d 372 (Tex. Crim. App. 1990) ..............................................17

*Moore v. State*, 371 S.W.3d 221 (Tex. Crim. App. 2012) ........................................................14

*Motilla v. State*, 78 S.W.3d 352 (Tex. Crim. App. 2002)................................................. 21

*Ray v. State*, 178 S.W.3d 833 (Tex. Crim. App. 2005) ......................................... 19, 20, 21

*Rodriguez v. U.S.*, 135 S.Ct. 1609 (2015).............................................................24

*Taylor v. State*, 939 S.W.2d 148 (Tex. Crim. App. 1996) ...........................................14

*Terry v. Ohio*, 392 U.S. 1 (1968).................................................................. 24, 25

*Vanwinkle v. State*, No. 02–09–00200–CR, 2010 WL 4261603 (Tex. App.—
     Fort Worth, Oct. 28, 2010, pet. ref'd) (not designated for publication)................21, 22

*Weathererred v. State*, 15 S.W.3d 540 (Tex. Crim. App. 2000) ....................................17

## Statutes

TEX. TRANS. CODE § 547.321 ........................................................................25

TEX. TRANS. CODE § 547.333.........................................................................25

## Rules

TEX. R. APP. 42.2..................................................................................... 21

TEX. R. EVID. 103................................................................................... 15

TEX. R. EVID. 602................................................................................... 17

## STATEMENT OF THE CASE

A grand jury indicted Appellant for the offense of Evading Arrest or Detention, enhanced by a previous conviction for Evading Arrest of Detention from August 11, 2008. C.R. 1:5. Appellant pled not guilty, R.R. 5:7, and on November 17, 2016, a jury found Appellant guilty and sentenced him to twenty-four months in the State Jail Division of the Texas Department of Criminal Justice. C.R. 1:53. This appeal followed.

## STATEMENT REGARDING ORAL ARGUMENT

The State waives oral argument as it would not assist the Court's decision-making.

## ISSUES PRESENTED

I.   Whether Appellant preserved error regarding the exclusion of testimony when trial counsel neither objected to the court's ruling nor made an offer of proof.

II.  Assuming error was preserved, whether the trial court abused discretion by excluding a portion of Appellant's testimony due to his lack of personal knowledge.

III. Assuming error and preservation thereof, whether Appellant was substantially harmed by the exclusion of testimony.

IV.  Whether, when viewing the evidence in a light most favorable to the verdict, a rational trier of fact could have determined that Appellant intentionally evaded lawful detention.

## STATEMENT OF FACTS

On the evening of February 4, 2016, Josh McGuinn and Cole McGarry, deputies with the Wichita County Sherriff's Office, were partnered and working in separate vehicles. R.R. 5:21–22, 61. Deputy McGuinn observed Appellant's vehicle traveling after dark with a headlight out. R.R. 5:22–23. After catching up to Appellant's car, Deputy McGuinn turned on his overhead lights. R.R. 5:23. Although Appellant activated his hazard lights, he did not stop, even when Deputy McGuinn activated his siren. R.R. 5:23–24.

Upon starting his lights, McGuinn did not intend to issue Appellant a ticket. R.R. 5:46. However, when Appellant did not stop immediately, Deputy McGuinn felt something "kind of wasn't right," and although he did not intend to arrest Appellant, McGuinn was concerned with making contact and identifying him. R.R. 5:47–48. After approximately a minute, Appellant pulled into his father's driveway. R.R. 5:24, 78. Deputy McGuinn identified Appellant as the driver of the vehicle for the record. R.R. 5:25.

After Appellant stopped, he exited his vehicle, removed his jacket, and emptied his pockets. R.R. 5:25. Appellant refused Deputy McGuinn's instructions to get back inside his car, and instead, went up to the house and started knocking on the windows. R.R. 5:26. McGuinn requested that Appellant return to his car more than once, but

Appellant ignored McGuinn and walked back and forth, trying to knock on the window. R.R. 5:27. McGuinn instructed Appellant to return to his vehicle. R.R. 5:27. Appellant refused to comply with McGuinn's requests to present his driver's license, and moved to the front porch of the house. R.R. 5:27–28.

Deputy McGuinn called for Deputy McGarry to come to the scene more quickly, and followed Appellant to the porch. R.R. 5:28. Appellant even refused to respond to McGuinn's request for his name. R.R. 5:28. After getting to the porch, Deputy McGuinn informed Appellant he was going to assist Appellant off the porch and reached for Appellant to detain him, but Appellant took off running. R.R. 5:28–29, 52–54. McGuinn chased after Appellant, and yelled to McGarry, who had just arrived, where he thought Appellant ran. R.R. 5:29–30. The two deputies approached the location from different directions. R.R. 5:30.

When Deputy McGarry arrived, he saw who was later determined to be Appellant, run across the street and into an alley followed by Deputy McGuinn. R.R. 5:63–65, 67. McGarry drove where McGuinn instructed, and when McGarry got out of his vehicle, he saw Appellant laying face-down on the ground. R.R. 5:64, 67–68. Deputy McGarry handcuffed Appellant and placed him in his patrol car. R.R. 5:64. During trial, the State played McGuinn's in-car video recording from that night. R.R. 5:30–32,

34-38; State's 3. McGarry did not turn on his vehicle's overhead lights, so no in-car video was recorded. R.R. 5:65.

Deputies McGuinn and McGarry briefly addressed the safety concerns involved that night. McGuinn explained that he asked Appellant to return to and sit inside his vehicle because McGuinn did not know the intent behind Appellant's actions, which could have been life-threatening. R.R. 5:26. Deputy McGarry told the jury that it is important for individuals to follow peace officer instructions for public and officer safety because they can be involved in life-threatening situations. R.R. 5:63.

Annette Wang, lead crime scene technician with the Wichita Falls Police Department and an expert in fingerprint identification, compared Appellant's known fingerprints to the print on the certified copy of judgment and sentence for evading arrest and determined that they matched. R.R. 5:12–15.

Appellant testified in his own defense. He explained that he turned on his hazard lights so the officer would know he was aware of the officer's presence, but was afraid to pull over immediately because he was in a bad part of town. R.R. 5:77–78. Appellant said he took off his coat because it was dark and he wanted the officer to see he was unarmed. R.R. 5:79. Appellant stated that emptied his pockets so the officer could have his identification and know his pockets were empty. R.R. 5:80.

Appellant refused to get back in his vehicle because it was dark and the dome lights did not work. R.R. 5:80. Appellant knocked on his father's windows because he wanted a witness in case something went wrong. R.R. 5:81-82. Appellant testified that he saw the officer reach for him, and ran out of fear because "I didn't know why he was reaching up to grab me." R.R. 5:83-84. Appellant told the jury that he was worried because of what he hears in the news and that he did not want to be shot by the police. R.R. 79-80. Appellant admitted that he ran from the police but it was not because he was avoiding arrest or detention, but because he was afraid. R.R. 5:84.

**ARGUMENT**

I. Because Appellant did not object to or make an offer of proof regarding the portion of his excluded testimony, he waived this issue on appeal.

In order to preserve error, a party must make a timely objection at trial, stating the specific basis for the objection, unless it is apparent from the context, and that party must receive and adverse ruling on that objection from the judge. *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004) (relying on TEX. R. APP. 33.1). "Generally, error that is not preserved may not be raised for the first time on appeal." *Moore v. State*, 371 S.W.3d 221, 225 (Tex. Crim. App. 2012).

Appellate courts are not hyper-technical when examining whether error was preserved. *Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014*)*. However, there need be no specific words or technical considerations to guarantee an issue to be preserved for appeal. *Layton v. State*, 280 S.W.3d 235, 239 (Tex. Crim. App. 2009). Reviewing courts resolve questions of preservation of error by examining the context of the entire record. *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015*) cert. denied*, 136 S.Ct. 1461 (Mar. 21, 2016). If the basis for the objection is not apparent from the context, the objecting must clearly state the nature and legal basis of the objection to preserve error. *Taylor v. State*, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).

In order to preserve error regarding a judge's decision to exclude evidence requires the complaining party to comply with Texas Rule of Evidence 103 by making an "offer of proof," which sets forth the substance of the excluded evidence. *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009); TEX. R. EVID. 103(a)(2). Without an offer of proof, a party complaining about exclusion of evidence has not preserved error, and has waived the issue on appeal.

"The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful. A secondary purpose it to permit the trial just to reconsider his ruling in light of the actual evidence." *Mays*, 285 S.W.3d at 889 (quotation omitted). Thus, an offer of proof must, "with some degree of specificity, the substantive evidence he intended to present." *Id.* A summary, "in the most general and cursory terms, without any of the meat of the actual evidence" will not preserve error. *Id.*

During Appellant's testimony, he attempted to answer questions about a person who was shot by police approximately eight months before this offense. R.R. 5:89. However, the State objected on the basis of lack of personal knowledge, or Texas Rule of Evidence 602. R.R. 5:89-90. The following exchange occurred:

State:       Objection, Your Honor, lack of personal knowledge.

Defense:     Okay.

The Court:   Sustained.

Defense:     That's fine.  I'm just trying to explore his state of mind.

State:       Same objection.

Defense:     That's okay.

State:       Same objection, Your Honor.

The Court:   Both sustained.  The Jury's not to consider.

Defense:     Okay.  That's fine.  I pass the witness.  R.R. 5:89-90.

The only party who objected during this exchange was the State.  Appellant's trial counsel made a half-hearted attempt to justify his question, and ultimately, acquiesced to the trial court's ruling.

Further, Appellant did not make an offer of proof as to the excluded evidence. Although Appellant answered the immediate question, we assume that it was only the beginning of a series of questions.  Appellant did not make an offer of proof as to what he would have testified, had his trial counsel been able to follow through on the line of questioning.  Therefore, Appellant failed to preserve error and has waived this issue on appeal.

## II. Even assuming Appellant preserved error, the trial court did not abuse discretion by excluding this portion of Appellant's testimony because the exclusion was pursuant to the rules of evidence.

Courts review the decision to exclude evidence for abuse of discretion. *Id.* The reviewing court must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Weathererred v. State*, 15 S.W.3d 540, 524 (Tex. Crim. App. 2000). This is determined by assessing whether "the court acted without reference to any guiding rules or principles," or "whether the act was arbitrary and unreasonable." *Montgomery v. State*, 810 S.W.3d 372, 380 (Tex. Crim. App. 1990).

Texas Rule of Evidence 602 allows a witness to testify about a matter only if that witness has personal knowledge of the matter. TEX. R. EVID. 602. The State objected to Appellant's testimony based on this rule, Appellant's lack of personal knowledge, and the trial court excluded that testimony. R.R. 5:89–90. The trial court's ruling was based upon Rule 602, and therefore was within the zone of reasonable disagreement. Thus, the trial court did not abuse its discretion.

### A. Appellant received the opportunity to present a meaningful defense by testifying about his defensive theory.

The United States Constitution ensures that criminal defendants will have "a meaningful opportunity to present a complete defense." *Miller v. State*, 36 S.W.3d 503, 506 (Tex. Crim. App. 2001) (internal quotations omitted). "A defendant has a fundamental right to present evidence of a defense so long as the evidence is relevant

and is not excluded by an established evidentiary rule." *Miller*, 36 S.W.3d at 507 (citing *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)).

In *Johnson v. State*, the appellant's trial "attorney attempted to elicit testimony from complainant regarding her telephone conversation" and the trial court upheld the State's objection based upon lack of personal knowledge and excluded the testimony. *Johnson v. State*, No. 14-14-00261-CR, 2015 WL 3985848, at *1, 3 (Tex. App.—Houston [14th Dist.] Jun. 30, 2015, pet. ref'd) (not designated for publication). On appeal, the appellant argued the excluded testimony was essential to his defense against the intent element, and that he was entitled to present his defensive theory. *Id.*, at *2.

First, the *Johnson* Court held that although it was possible for the complainant to satisfy the personal knowledge requirement, i.e. Rule 602, the appellant failed to proffer any of that evidence. *Id.*, at *3. Therefore, the *Johnson* Court found the trial court did not abuse its discretion. *Id.* Second, because the appellant did not proffer evidence showing why the excluded testimony did not violate Rule 602, he also failed to establish that the excluded testimony was "'not excluded by an established evidentiary rule' and thus that the trial court deprived him of a meaningful opportunity to present a complete defense." *Id.* (quoting *Miller*, 36 S.W.3d at 507).

Appellant's case is much like *Johnson*. Even assuming that Appellant preserved error, he failed to proffer any evidence to show that Appellant had personal knowledge

of what he attempted to testify about.  Therefore, Appellant has not shown how the excluded testimony was not excluded by an established evidentiary rule.  Thus, Appellant failed to show he was deprived of a meaningful opportunity to present a complete defense.

III.  Assuming error, Appellant was not harmed by the exclusion of evidence because the excluded evidence would not have influence the jury, or had but slight effect.

A. Assuming error, this Court should apply a non-constitutional harm analysis because exclusion of evidence does not rise to a constitutional level.

The Court of Criminal Appeals determined two circumstances in which the improper exclusion of evidence may rise to a constitutional violation, and Texas Rule of Appellate Procedure 44.2(a) applies:

> (1) when a state evidentiary rule categorically and arbitrarily prohibits the defendant from offering relevant evidence that is vital to his defense; or (2) when a trial court erroneously excludes relevant evidence that is a vital portion of the case and the exclusion effectively precludes the defendant from presenting a defense.  *Ray v. State*, 178 S.W.3d 833, 835 (Tex. Crim. App. 2005) (citations omitted).

Although the evidence was excluded due to an evidentiary rule, Appellant failed to show that Rule 602 categorically and arbitrarily prohibited him from presenting relevant evidence.

Nor does the second apply.  In *Ray*, the Court of Criminal Appeals examined whether excluded evidence prevented the appellant from presenting her defense, which

would entitle her to a constitutional, 44.2(a), harm analysis.  *Ray*, 178 S.W.3d at 835.  The *Ray* Court noted that the excluded testimony would only incrementally further the appellant's defensive theory, and held that because the appellant was able to testify about her defensive theory, she was not effectively prevented from presenting her defense.  *Id.* at 836.

Just as in *Ray*, Appellant was not precluded from presenting a defense because through his own testimony, he was able to present his defensive theory.[1]  In fact, Appellant explicitly testified he ran from Officer McGuinn because he was afraid, not because he intended to avoid arrest or detention.  R.R. 5:84.  The excluded testimony, presumably that a white police officer shot and killed a black man within eight months of this offense, R.R. 5:89, would only have incrementally furthered Appellant's theory.  Therefore, assuming error, this Court should perform a Rule 44.2(b) non-constitutional harm analysis.

**B. Appellant was not harmed by the exclusion of evidence because the error did not influence the jury, or had only a slight effect.**

"When evaluating harm from non-constitutional error flowing from the exclusion of relevant evidence," reviewing courts examine the record as a whole, and if

---

[1] Appellant testified that he "didn't want to get shot by an officer." R.R. 5:80.  In addition, Appellant justified almost all of his actions in terms of his safety.  *See e.g.*, R.R. 5:78 (explaining that he did not stop immediately after the officer turned on his lights because he was in a bad part of town); R.R. 5:79 (he took off his coat so the officer could see he was not armed); R.R. 5:80–81 (he refused to get back in his car because he wanted to be fully visible).

the error did not influence the jury or had but a slight effect, the error shall be considered harmless. *Ray*, 178 S.W.3d at 836; TEX. R. APP. 42.2(b). When reviewing the entire record, appellate courts examine testimony and physical evidence presented to the jury, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with admitted evidence. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

1. *When applying the factors found in Vanwinkle v. State, the assumed error did not have influence the jury or had but slight effect.*

In *Vanwinkle v. State*, the appellant was convicted of obtaining or possessing hydrocodone through the use of a fraudulent prescription. *Vanwinkle v. State*, No. 02-09-00200-CR, 2010 WL 4261603, at *1 (Tex. App.—Fort Worth, Oct. 28, 2010, pet. ref'd) (not designated for publication). Among other issues, the appellant challenged the trial court's decision to exclude evidence that she tested negative for drugs after her arrest. *Id.* at *2. After determining the assumed error was non-constitutional, the *Vanwinkle* Court determined the error was harmless (*Id.* at *5) based upon the following reasoning:

- When reducing the trial to a credibility determination between the appellant and two eye witnesses, the excluded evidence would not have made the eyewitness testimony less credible;

- The excluded evidence would not have added credence to the appellant's version of events because it did not exculpate her from committing the offense; and

- The jury had reasons to discredit the appellant's testimony. *Id.* at *3.

In addition, the *Vanwinkle* Court distinguished *Ray* from that case, noting that the excluded evidence in that case came from a third-party eyewitness and would not have inculpated another individual instead of the appellant. *Id.* at *5.

This case is very similar to *Vanwinkle*. When reduced to whether the jury believed Appellant's justification for his actions; the actions themselves are not contested. Appellant's credibility would not be enhanced by his testimony regarding a police involved shooting in the area. The excluded testimony would not exculpate Appellant from this offense. The excluded evidence would not have come from a third party, nor would it have inculpated another individual in Appellant's place.

> 2. *When viewing the assumed excluded evidence in connection with admitted evidence, it would be needlessly cumulative.*

Assuming—since Appellant failed to make an offer of proof—that the excluded evidence was in reference to a police officer involved shooting that occurred eight months prior to this offense, common sense and experience leads to the conclusion that this event would have been covered in the news media. In fact, Appellant was allowed to testify that he watched the news closely, was aware of recent incidents where (during traffic stops) white police officers have shot black men, and was afraid because of them. R.R. 5:79–80, 84, 87–88. Therefore, any testimony regarding a specific incident[2] would

---

[2] This presupposes that such an event occurred.

not have influenced the jury, or had minimal effect, since, by referring to the news in a general sense, Appellant was able to invoke multiple officer involved shootings.

IV. When viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have determined that Appellant intentionally evaded lawful detention.

According to the *Jackson v. Virginia* constitutional standard for assessing the legal sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). The reviewing court defers to the jury's assessment of witness credibility and weight to be given the testimony, as the jury is the sole judge of those issues. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).

**A. A rational jury could have found that Appellant was detained because a reasonable person in the same position would not have felt free to leave.**

The offense of evading arrest requires the State to prove that the defendant intentionally fled from a person he knew was a peace officer attempting to lawfully arrest or detain him. Tex. Penal Code § 38.04(a). Appellant courts review the totality of circumstances when determining whether a defendant is detained. *Crain v. State*, 315 S.W.3d 43, 48-49 (Tex. Crim. App. 2010). To determine whether an interaction constitutes a voluntary encounter or a detention, a reviewing courts asks, "[W]hether a

reasonable person in the citizen's position would have felt free to decline the officer's requests or otherwise terminate the encounter." *Id.* at 49.

It is well recognized and common sense that when an officer activates his overhead emergency lights behind a vehicle, the driver would not have felt free to leave. By turning on his lights, the officer is exerting a show of authority, and in turn, by pulling over, (or activating hazard lights and eventually pulling over) the driver is recognizing and acceding to that show of authority. This is exactly what occurred in this case. Deputy McGuinn activated his overhead lights (and even his sirens briefly), and Appellant activated his hazard lights before driving some distance and pulling over. Therefore, when viewing these fact in a light most favorable to the verdict, a rational jury could have found that Appellant was detained.

**B. A rational jury could have found that Deputy McGuinn lawfully detained Appellant because McGuinn had reasonable suspicion based upon articulable facts that an offense (driving without two headlights) had occurred.**

The United States Supreme Court analogizes traffic stops to *Terry* stops or investigative detentions. *Rodriguez v. U.S.*, 135 S.Ct. 1609, 1614 (2015). In *Terry v. Ohio*, the Court created a two prong test to determine whether an officer's investigative detention violated the Fourth Amendment. *Terry v. Ohio*, 392 U.S. 1, 18–20 (1968). The first prong requires the officer to have a reasonable suspicion of criminal activity, or "specific and articulable facts which, taken together with rational inferences from those

facts, reasonably warrant the intrusion." *Id.* at 21. Courts measure reasonableness using an objective standard to determine whether "the facts available to the officer at the moment of the seizure or search warrant a man or reasonable caution in the belief that the action taken was appropriate." *Davis v. State*, 947 S.W.2d 240, 234 (Tex. Crim. App. 1997).

The second *Terry* prong deals with the extent of the detention. *Terry*, 392 U.S. at 25-26. "To be reasonable, a traffic stop must be temporary and last no longer than necessary to effectuate the purpose of the stop." *Fisher*, 481 S.W.3d at 407 (quoting *Evanoff v. State*, Nos. 11-09-00317-18-CR, 2011 WL 1431520, at *5 (Tex. App.—Eastland Apr. 14, 2011, *pet. ref'd*)). An investigative stop that is initially reasonable may still violate the Fourth Amendment due to excessive length or scope. *Fisher*, 481 S.W.3d at 407.

Deputy McGuinn had reasonable suspicion to stop Appellant. According to the Texas Transportation Code, not only must a vehicle be equipped with two headlights, TEX. TRANS. CODE § 547.321, its driver must use them to illuminate a safe distance ahead. TEX. TRANS. CODE § 547.333(c). Deputy McGuinn testified that he decided to stop Appellant because it was after dark and one of Appellant's headlights was not illuminated. R.R. 5:23. Further, at the time Appellant ran, Deputy McGuinn had not completed the purpose of the stop. In fact, Appellant had even refused to give Deputy

McGuinn his name. The scope of the traffic stop did not exceed Constitutional limitations. Therefore, Deputy McGuinn detained Appellant lawfully.

**C. When viewing the evidence in a light most favorable to the verdict, a rational trier of fact could have found that Appellant intentionally evaded detention.**

Intent is a fact question for the jury and may be inferred from a defendant's actions and conduct, *Manrique v. State*, 994 S.w.2d 640, 649 (Tex. Crim. App. 1999), and the surrounding circumstances. *Hernandez v. State*, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991). Regardless of whether a defendant ultimately intends to escape an officer, attempting to evade arrest, even if only for a short time, is legally sufficient intent for evading arrest. *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.); *Laesser v. State*, No. 14-09-00469-CR, 2010 WL 2649945, at *4 (Tex. App.—Houston [14th Dist.] Jul. 6, 2010, pet. ref'd) (not designated for publication).

Other than turning on his and (eventually) stopping in his father's driveway Appellant refused to comply with virtually everything Deputy McGuinn asked of him. Even though Deputy McGuinn told Appellant that he was going to be assisted from the porch, Appellant ran from McGuinn as soon as McGuinn reached for him. Appellant even admitted to running from Deputy McGuinn. When viewing this evidence in a light most favorable to the verdict, a rational jury could have found Appellant intended to evade detention.

## PRAYER

The State prays that the Court of Appeals, Second District, affirm the judgment of the 89th District Court of Wichita County, Texas.

Respectfully Submitted,

**Maureen Shelton**
Criminal District Attorney
Wichita County, Texas

/s/ Jennifer Ponder
_____
**Jennifer Ponder**
Assistant Criminal District Attorney
Wichita County
State Bar No. 24083676
900 7th Street
Wichita Falls, Texas 76301
Jennifer.Ponder@co.wichita.tx.us
Tel.: (940)766-8113
Fax: (940)766-8177

## CERTIFICATE OF COMPLIANCE

I, the undersigned, certify that this document was produced on a computer using Microsoft Word and contains 3,953 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Jennifer Ponder
**Jennifer Ponder**

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on June 15, 2017, I served a copy of the State's Brief on the parties listed below by electronic service and that the electronic transmission was reported as complete. My e-mail address is Jennifer.Ponder@co.wichita.tx.us.

Todd Greenwood
Attorney for Appellant
900 8th Street, Suite 716
Wichita Falls, Texas 76301
(940) 689-0707
toddgreenwood@lawyer.com

/s/ Jennifer Ponder
**Jennifer Ponder**