Opinion filed June 25, 2026



## In The

# Eleventh Court of Appeals

_____

## No. 11-24-00311-CR

_____

## BERNARDO PEREZ III, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**
**Mitchell County, Texas**
**Trial Court Cause No. 8496**

## M E M O R A N D U M   O P I N I O N

A jury convicted Appellant, Bernardo Perez III, of the offense of evading arrest or detention with a vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West Supp. 2025). The jury assessed Appellant's punishment at eight years' imprisonment in the Institutional Division of the Texas Department

of Criminal Justice. The trial court sentenced Appellant accordingly. In a single issue on appeal, Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

## I. *Factual and Procedural History*

Colorado City Police Department (CCPD) Officer Shawn Curran was on patrol duty in the evening hours of November 16, 2023, when he observed a vehicle with an expired registration. Officer Curran activated his patrol unit's overhead lights but the driver did not pull over. Officer Curran then turned on his patrol unit's sirens. Although Officer Curran was positioned directly behind the vehicle, the driver continued at a "normal road speed." CCPD Chief Joseph Stephens joined Officer Curran in the pursuit in a separate vehicle.

After "a couple minutes" and four or five turns, the driver pulled up at a residence and stopped. The driver, identified as Appellant, was immediately placed under arrest for evading arrest or detention with a vehicle. During an inventory of Appellant's vehicle, officers found drug paraphernalia and suspected marihuana.

Officer Curran testified that Appellant told him that he did not stop his vehicle sooner "[b]ecause he wanted to get his car home." Mitchell County Sheriff's Office Deputy Tucker Knotts transported Appellant to the county jail. According to Deputy Knotts, Appellant told him that he was on his way to his girlfriend's house when he saw "red and blue lights" and he drove his vehicle home in an effort to avoid his vehicle being towed.

Officer Curran's body camera recording and Chief Stephens's dash camera recording were admitted into evidence at trial. While Officer Curran's patrol unit had a dashcam installed at the time of the pursuit, Officer Curran testified that there was a malfunction with the camera system, and the recordings were not uploaded

2

into the system. Chief Stephens's dashcam captured the failure of Appellant to pull over during the pursuit.

## II. *Standard of Review and Applicable Law*

We review a challenge to the sufficiency of the evidence, regardless of whether it is framed as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Garcia v. State*, 667 S.W.3d 756, 761 (Tex. Crim. App. 2023).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Lee v. State*, 676 S.W.3d 912, 915 (Tex. App.—Eastland 2023, no pet.). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *See* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007); *Garcia*, 667 S.W.3d at 762 ("[A] reviewing court does not sit as the thirteenth juror and may not substitute its judgment for that of the factfinder by reevaluating the weight and credibility of the evidence."). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Garcia*, 667 S.W.3d at 761 (quoting *Jackson*, 443 U.S. at 319). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the

conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Garcia*, 667 S.W.3d at 762.

We treat direct and circumstantial evidence equally under this standard. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Ruiz v. State*, 631 S.W.3d 841, 851 (Tex. App.—Eastland 2021, pet. ref'd). It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish the defendant's guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *Lee*, 676 S.W.3d at 915. Each fact need not point directly and independently to the defendant's guilt if the cumulative force of all incriminating circumstances is sufficient to support the defendant's conviction. *Hooper*, 214 S.W.3d at 13. Because evidence must be considered cumulatively, we may not use a "divide and conquer" strategy for evaluating the sufficiency of the evidence. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). Rather, we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).

Finally, we measure the sufficiency of the evidence by the elements of the charged offense as defined by the hypothetically correct charge for the case. *Morgan v. State*, 501 S.W.3d 84, 89 (Tex. Crim. App. 2016); *see also Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). In this regard, to determine whether the State has met its burden to prove a defendant's guilt beyond a reasonable doubt under the *Jackson* standard, we compare the elements of the offense to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik*, 953 S.W.2d at 240). The hypothetically correct charge "accurately sets out

the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240.

As applicable to this case, a person commits the offense of evading arrest or detention with a vehicle by intentionally fleeing, while using a vehicle, from a peace officer, with knowledge that he is a peace officer and that the peace officer is attempting to lawfully arrest or detain him. PENAL § 38.04(a), (b)(2)(A); *Nicholson v. State*, 682 S.W.3d 238, 243–45 (Tex. Crim. App. 2024) (discussing the elements of Section 38.04). "A person acts intentionally, or with intent, with respect to the nature of his conduct . . . when it is his conscious objective or desire to engage in the conduct." PENAL § 6.03(a) (West 2021).

### III. *Analysis*

Appellant does not refute that he knew officers were attempting to lawfully detain him. Moreover, this element is supported by evidence produced at trial. *See Hooper*, 214 S.W.3d at 13. Officer Curran testified that after learning that Appellant's vehicle registration was expired, he activated his emergency lights and sirens, attempting to effectuate a traffic stop, but Appellant failed to pull over. *See Duvall v. State*, 367 S.W.3d 509, 513 (Tex. App.—Texarkana 2012, pet. ref'd) (concluding that an officers' use of emergency lights and sirens is evidence of a police officer asserting his authority and attempting to arrest or detain an individual). The more than two-minute pursuit through mostly residential areas was captured on Chief Stephens's dash camera. Appellant's vehicle can be seen approximately one car length in front of Officer Curran's patrol unit at nearly all times. Close to the two-minute marker, Chief Stephens even attempted to position his vehicle parallel

to Appellant's, but Appellant continued to drive, forcing Chief Stephens to draw back. Appellant came to a stop shortly thereafter. Finally, Deputy Knotts testified that Appellant told him that he had seen the officers' emergency lights but continued to drive anyway.

Rather than challenge the sufficiency of the evidence that he was aware the officers were attempting to detain him, Appellant argues that he lacked the requisite intent to flee. Appellant maintains that he declined to pull over immediately because he was trying to "prevent his vehicle from being towed"—not because he sought to evade officers. However, the jury was free to reject Appellant's provided rationale for his delayed compliance and to view it as "anything less than *prompt compliance* with an officer's direction to stop" constituting "fleeing" for purposes of the statute, Appellant having had ample opportunity to comply with the officers' directives to pull over his vehicle. *Machado v. State*, No. 11-19-00092-CR, 2021 WL 1205859, at *3 (Tex. App.—Eastland Mar. 31, 2021, pet. ref'd) (mem. op., not designated for publication) (emphasis added) (quoting *Horne v. State*, 228 S.W.3d 442, 446 (Tex. App.—Texarkana 2007, no pet.)); *see Lopez v. State*, 415 S.W.3d 495, 497 (Tex. App.—San Antonio 2013, no pet.); *Ford v. State*, No. 02-14-00176-CR, 2015 WL 3458383, at *3 (Tex. App.—Fort Worth May 28, 2015, pet. ref'd) (mem. op., not designated for publication) (concluding that a jury could reject Ford's contention that he merely sought to pull into his driveway to avoid his vehicle being towed if they believed, after the officers engaged their lights and sirens, Ford continued driving instead of pulling over at the earliest possible moment).

Texas courts have continuously held that failing to immediately submit to an officer's show of authority is sufficient to satisfy the elements of evading arrest. *Amerine v. State*, No. 10-16-00160-CR, 2017 WL 1101158, at *1 (Tex. App.—Waco

Mar. 15, 2017, pet. ref'd) (mem. op., not designated for publication) (collecting cases). This is true even where, as here, evidence indicates that the defendant never intended to evade police indefinitely. *See Horne*, 228 S.W.3d at 446 ("We conclude that, though the evidence indicates Horne had no intent to ultimately escape the officer, it does show that Horne was attempting to evade arrest, even if only for the few minutes it took for him to park his car in front of his mother's house."); *Amerine*, 2017 WL 1101158, at *2 (affirming the appellant's evading conviction where the appellant told officers he did not stop because "he was afraid that his vehicle would get towed" and noting that "the fact that [the appellant] was driving slow and was not trying to get away from Officer Sanchez is of no consequence"); *Carter v. State*, No. 01-16-00075-CR, 2016 WL 7368103, at *3 (Tex. App.—Houston [1st Dist.] Dec. 15, 2016, no pet.) (mem. op., not designated for publication) (affirming the appellant's conviction where the "speed of the pursuit was unremarkable" and "its duration was short," lasting "no more than two minutes," and the appellant "pulled into his own driveway" in the end); *see also Mayfield v. State*, 219 S.W.3d 538, 540–41 (Tex. App.—Texarkana 2007, no pet.) (holding that an offense under Section 38.04 does not require proof of high-speed or effectual fleeing, just intentional fleeing, and noting that "fleeing slowly is still fleeing").

As it relates to intent, evading arrest at any speed, thereby delaying detention, may also provide time for the driver to attempt to hide, obscure, or discard evidence before detention or arrest, including drugs or drug paraphernalia. *See, e.g.*, *Baines v. State*, 418 S.W.3d 663, 670 (Tex. App.—Texarkana 2010, pet. ref'd); *Warren v. State*, No. 09–09–00516–CR, 2011 WL 846203 at *3 (Tex. App.—Beaumont, March 9, 2011, no pet.) (mem. op., not designated for publication). Here, drug

paraphernalia was found in a backpack on the passenger side backseat and on the front passenger floorboard.

Viewing all the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found that the State proved the essential elements of evading arrest with a vehicle beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Garcia*, 667 S.W.3d at 761. Consequently, we overrule Appellant's sole issue on appeal.

IV. <em>This Court's Ruling</em>

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE

June 25, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.